# UNITED STATES COURT OF APPEALS
# FOR THE THIRD CIRCUIT

## Case No. 22-1461

### SYSTEM ONE HOLDINGS, LLC,

**Appellant**

**v.**

### TOMMY COLEMAN, et al.,

**Appellees**

On Appeal from the United States District Court's February 11, 2022 Order denying System One Holdings, LLC's Motion to Dismiss and Compel Arbitration

## BRIEF OF APPELLANT

Robert W. Pritchard, Pa. I.D. No. 76979
rpritchard@littler.com
Sarah J. Miley, Pa. I.D. No. 314830
smiley@littler.com
Taylor N. Brailey, Pa. I.D. No. 324308
tbrailey@littler.com
LITTLER MENDELSON, P.C.
625 Liberty Avenue, 26th Floor
Pittsburgh, Pennsylvania 15222
Telephone: 412.201.7628/7669/7657
Facsimile: 412.774.1957

*Attorneys for Appellant*
*System One Holdings, LLC*

## CORPORATE DISCLOSURE STATEMENT

Pursuant to Fed. R. App. P. 26.1 and L.A.R. 26.1.1, Appellant System One Holdings, LLC discloses that it is a wholly owned subsidiary of All Systems Holdings, LLC, a privately held corporation.

Dated:  June 12, 2023          */s/ Robert W. Pritchard*
                                    Robert W. Pritchard (Pa. I.D. No. 76979)
                                    Sarah J. Miley (Pa. I.D. No. 314830)
                                    Taylor Brailey (Pa. I.D. No. 324308)

                                    *Attorneys for Appellant,*
                                    *System One Holdings, LLC*

# TABLE OF CONTENTS

**PAGE**

I.    STATEMENT OF JURISDICTION ..................................................1

II.   STATEMENT OF THE ISSUES ...................................................2

III.  STATEMENT OF RELATED CASES AND PROCEEDINGS ..................3

IV.  STATEMENT OF THE CASE .......................................................3

    A.    RELEVANT FACTS .......................................................3

        1.   Coleman and Perkins Were Employed as Pipeline
            Inspectors. ........................................................3

        2.   Coleman and Perkins Were Subject to Arbitration
            Agreements. .......................................................4

    B.    PROCEDURAL HISTORY ................................................5

V.    SUMMARY OF THE ARGUMENT ...............................................6

VI.   STANDARD OF REVIEW ..........................................................8

VII.  ARGUMENT ...........................................................................9

    A.    THE COURT HAS JURISDICTION OVER SYSTEM ONE'S
        APPEAL FROM THE DISTRICT COURT'S DISCOVERY
        ORDER OR IN THE ALTERNATIVE, MAY GRANT
        REVIEW OF THE APPEAL AS A PETITION FOR WRIT OF
        MANDAMUS. ...............................................................9

        1.   The Court Has Jurisdiction Over System One's Appeal
            From the District Court's Discovery Order. ..............9

        2.   In the Alternative, the Court May Review System One's
            Appeal as a Petition for Writ of Mandamus. ...........12

    B.    THE DISTRICT COURT ERRED IN REFUSING TO GRANT
        SYSTEM ONE'S MOTION TO COMPEL ARBITRATION
        AND DIRECTING THE PARTIES TO CONDUCT
        DISCOVERY ON THE QUESTION OF WHETHER
        APPELLEES ARE SUBJECT TO THE TRANSPORTATION
        WORKER EXEMPTION OF THE FAA. ...............................15

        1.   The District Court Erred in Refusing to Hold That
            Appellees Are Not "Transportation Workers" Under § 1
            of the FAA. .......................................................16

i

# TABLE OF CONTENTS
(CONTINUED)

PAGE

2.    The District Court Erred in Refusing to Consider
      Whether the Parties' Arbitration Agreement Was
      Enforceable Under State Law Prior to Ordering
      Discovery on the Transportation Worker Exemption..............22

VIII.  CONCLUSION.............................................................................29

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Adams v. Parts Distribution Xpress, Inc.*,
   Civ. No. 2:20-cv-00697-JMG, 2021 WL 1088231 (E.D. Pa. Mar.
   22, 2021) ...........................................................................................26

*Am. Neighborhood Mortgage Acceptance Co. v. CrossCountry
   Mortgage, Inc.*,
   No. 20-3324, 2021 WL 4705231 (3d Cir. 2021) ................................10

*Ario v. Underwriting Members of Syndicate 53 at Lloyds*,
   618 F.3d 277 (3d Cir. 2010) ...............................................................29

*Bacher v. Allstate Ins. Co.*,
   211 F.3d 52 (3d Cir. 2000) .................................................................12

*Bacon v. Avis Budget Grp., Inc.*,
   959 F.3d 590 (3d Cir. 2020) ...........................................................9, 10

*Bernhardt v. Polygraphic Co. of America*,
   350 U.S. 198 (1956).......................................................................27, 28

*Ex parte Bill Heard Chevrolet, Inc.*,
   927 So.2d 805 (Ala. 2005)..................................................................12

*Brashear v. Halliburton Energy Servs., Inc.*,
   No. 1:20-cv-0505, 2020 WL 4596116 (E.D. Cal. Aug. 11, 2020) ....18

*Brayman Const. Corp. v. Home Ins. Co.*,
   319 F.3d 622 (3d Cir. 2003) .................................................................8

*Cheney v. U.S. Dist. Court for the Dist. of Columbia*,
   542 U.S. 367 (2004)............................................................................13

*Cippollone v. Liggett Grp., Inc.*,
   785 F.2d 1108 (3d Cir. 1986) .............................................................13

*Circuit City Stores, Inc. v. Adams*,
   532 U.S. 105 (2001)......................................................................16, 17

*Cole v. Burns Int'l Sec. Sys.*,
    105 F.3d 1465 (D.C. Cir. 1997) ..........................................................................18

*Colonial Times, Inc. v. Gasch*,
    509 F.2d 517 (D.C. Cir. 1975) ..................................................................13, 14

*Corpman v. Prudential-Bache Sec., Inc.*,
    907 F.2d 29 (3d Cir. 1990) (per curiam) ..........................................................10

*Davis v. Cintas Corp.*,
    No. 2:18-cv-01200, 2019 WL 2223486 (W.D. Pa. May 23, 2019)..............16, 21

*Grosvenor v. Quest Corp.*,
    733 F.3d 990 (10th Cir. 2013) ...........................................................................9

*Guidotti v. Legal Helpers Debt Resolution, LLC*,
    716 F.3d 764 (3d Cir. 2013) ........................................................................22, 23

*Harper v. Amazon.com*,
    12 F.4th 287 (3d Cir. 2021) ........................................................................*passim*

*Hobbs v. System One Holdings, LLC*,
    Case No. 2:18-cv-00181-CRE (W.D. Pa.)..........................................................20

*Hoxworth v. Blinder, Robinson & Co.*,
    980 F.2d 912 (3d Cir. 1992) ...............................................................................8

*Kaneff v. Delaware Title Loans, Inc.*,
    587 F.3d 616 (3d Cir. 2009) ..............................................................................28

*Kauffman v. U-Haul Int'l, Inc.*,
    No. 5:16-cv-4580, 2018 WL 4094959 (E.D. Pa. Aug. 28, 2018)......................27

*In re Kellogg Brown & Root, Inc.*,
    756 F.3d 754 (D.C. Cir. 2014)............................................................................13

*Klepper v. SLI, Inc.*,
    45 F. App'x 136 (3d Cir. 2002) ..........................................................10, 12, 15

*Local 205, United Electric, Radio & Mach. Workers of America (UE)*
    *v. General Electric Co.*,
    233 F.2d 85 (1st Cir. 1956)................................................................................28

iv

*Madol v. Dan Nelson Automotive Auto. Group*,
  372 F.3d 997 (8th Cir. 2004) ...................................................11, 12

*Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*,
  460 U.S. 1 (1983) .................................................................. 8

*Nelson v. Gobrands, Inc.*,
  No. 20-cv-5424, 2021 WL 4262325 (E.D. Pa. Sept. 20, 2021) .........................29

*Palcko v. Airborne Express*,
  372 F.3d 588 (3d Cir. 2004) ...................................................21, 24

*Perez v. Global Airport Sec. Serv., Inc.*,
  253 F.3d 1280 (11th Cir. 2001) ...........................................18

*Pilot Travel Ctrs., LLC v. McCray*,
  416 S.W.3d 168 (Tex. App. 2013) ......................................18

*Pre-Paid Legal Servs., Inc. v. Cahill*,
  786 F.3d 1287 (10th Cir. 2015) .........................................10

*Sain v. TransCanada USA Servs., Inc.*,
  Civ. A. No. H-22-2921, 2023 WL 417476 (S.D. Tex. Jan. 25,
  2023) ....................................................................19, 21, 27

*Shearson/Am. Express, Inc. v. McMahon*,
  482 U.S. 220 (1987) ...........................................................16

*Singh v. Uber Technologies, Inc.*,
  3:16-cv-03044-FLW-DEA (D.N.J.) ...................................24

*Singh v. Uber Technologies, Inc.*,
  67 F.4th 550 (3d Cir. 2023) ......................................*passim*

*Singh v. Uber Technologies, Inc.*,
  939 F.3d 210 (3d Cir. 2019) ...........................................24, 25

*Smith v. Khosrowshahi*,
  Civ. No. 19-4242, 2020 WL 12811380 (E.D. Pa. Dec. 8, 2020) .......................26

*Southwest Airlines Co. v. Saxon*,
  142 S. Ct. 1783 (2022) ....................................................17, 20

*Suarez-Valdez v. Shearson Lehman/American Exp., Inc.*,
   858 F.2d 648 (11th Cir. 1988) ............................................................12

*Weckerly v. System One Holdings, LLC*,
   No. 2:20-cv-00087-CB-LPL (W.D. Pa.) ..........................................20

*Whitaker v. Enbridge (U.S.) Inc.*,
   --- F. Supp.3d ---, Civ. A. No. H-22-2354, 2022 WL 174058533
   (S.D. Tex. Dec. 2, 2022) ...................................................................19

*Whitman v. DCP Midstream, LLC*,
   No. 22-CV-106-JFH-CDL, 2022 WL 1836733 (N.D. Okla. June 3,
   2022) ...............................................................................18, 20, 21

**Statutes**

42 Pa. Cons. Stat. § 7303 ...........................................................................29

9 U.S.C. § 3 ................................................................................................10

9 U.S.C. § 16 .....................................................................................*passim*

28 U.S.C. § 1291 ..........................................................................................9

29 U.S.C. § 216(b) .......................................................................................1

42 U.S.C. § 1331 ..........................................................................................1

42 U.S.C. § 1981 ........................................................................................26

Title VII of the Civil Rights Act of 1964...................................................26

Fair Labor Standards Act (FLSA)......................................................*passim*

Federal Arbitration Act (FAA), 9 U.S.C. § 1 *et seq.* ........................*passim*

Labor Management Relations Act ..............................................................28

Pennsylvania Uniform Arbitration Act..............................................*passim*

**Other Authorities**

Federal Rule of Civil Procedure 30(b)(4) .........................................13, 14

## I.    STATEMENT OF JURISDICTION

This case is before the Court on System One Holdings, LLC's appeal from the District Court's February 11, 2022 Order [JA003-JA005 (Dkt. 31)] and its March 3, 2022 Order denying System One's motion for reconsideration of the February 11 Order [JA006-JA010 (Dkt. 39)] (collectively, the "Discovery Order").

The District Court had jurisdiction pursuant to 42 U.S.C. § 1331 because this action arose under the laws of the United States pursuant to 29 U.S.C. § 216(b). This Court has jurisdiction over System One's appeal of the Discovery Order pursuant to 9 U.S.C. § 16(a)(1) because the Discovery Order constituted an order "refusing a stay of an action under section 3" and/or "denying a petition under section 4" of the Federal Arbitration Act (FAA), 9 U.S.C. § 1 *et seq.* The appeal is timely because it was filed within 30 days of the Discovery Order.

Even if the Court did not have jurisdiction over the Discovery Order (which it does), the Court may consider the appeal as a Petition for Writ of Mandamus and may grant the petition due to the District Court's clear error of law in disregarding this Court's precedent in *Harper v. Amazon.com*, 12 F.4th 287 (3d Cir. 2021). The petition is timely because System One did not unreasonably delay filing it. [JA002 (Dkt. 40)]; (Doc. Nos. 1 & 13).

## II.    STATEMENT OF THE ISSUES

1.    Considering 9 U.S.C. § 16(a)(1), which grants appellate courts jurisdiction over orders "refusing a stay of an action under section 3" and/or "denying a petition under section 4" of the FAA, does this Court have jurisdiction over System One's appeal from (or in the alternative, its petition for writ of mandamus regarding) the District Court's Discovery Order?

**Suggested Answer: Yes**

2.    Considering the Third Circuit's holding in *Harper* and the principles reinforced by the Third Circuit's recent decision in *Singh v. Uber Technologies, Inc.*, 67 F.4th 550 (3d Cir. 2023), should the District Court have considered (and granted) System One's motion to dismiss and compel arbitration on the existing record, without requiring discovery, because:

(a)    inspectors are not a class of workers engaged in interstate commerce and do not fall under the FAA's transportation worker exemption; and/or

(b)    any uncertainty about Appellees' status as transportation workers did not justify entry of the Discovery Order because their arbitration agreements were, in the alternative to enforcement under the FAA, enforceable under Pennsylvania law (which does not include a transportation worker exception)?

**Suggested Answer: Yes**

## III.    STATEMENT OF RELATED CASES AND PROCEEDINGS

System One is not aware of any cases pending in this Court that are related to this appeal as defined in L.A.R. 28.1(a)(2).

## IV.    STATEMENT OF THE CASE

### A.    Relevant Facts[1]

#### 1.    Coleman and Perkins Were Employed as Pipeline Inspectors.

System One employed Appellees Coleman and Perkins as Pipeline Inspectors. [JA089 (Dkt. 24-1 (Coleman Decl. ¶¶ 2, 4-5)); JA092 (Dkt. 24-2 (Perkins Decl. ¶¶ 2, 4-5))].

Coleman worked on the Mountain Valley Pipeline (MVP) project, where he was "primarily responsible for inspecting pipeline construction to ensure the application of coating met the requirements of System One, its customers, and other state, federal or industry requirements." [JA089 (Dkt. 24-1 ¶¶ 4-5)]. Coleman's job duties also included "inspecting the cleaning of right of way, trenching, and backfilling." [JA090 (Dkt. 24-1 ¶ 6)].

Perkins worked on the Mountaineer Xpress Project (MXP), where he was "responsible for inspecting in-process welds during pipeline construction to ensure they met the requirements of System One, its customers, and other state, federal or industry requirements." [JA092 (Dkt. 24-2 ¶¶ 4-5)].

---

[1] In this appeal, System One presents all facts in a light most favorable to Appellees, taken from their own declarations submitted to the District Court.

3

2.    <u>Coleman and Perkins Were Subject to Arbitration Agreements.</u>

Prior to beginning their employment with System One, Coleman and Perkins voluntarily executed agreements with System One. [JA051-JA052, JA062, JA071 (Dkt. 18-1 at Exs. A and B, at p.8)]. These agreements included a mutual agreement to arbitrate claims, including the Fair Labor Standards Act (FLSA) claims that Coleman and Perkins now assert in this civil action, and require them to submit those claims to arbitration:

> System One and Employee mutually consent to the resolution by arbitration of all claims or controversies (including ... statutory), whether or not arising out of Employee's employment (or the termination of that employment), that ... Employee may have against System One.... Claims covered by this Agreement include, but are not limited to, claims for wages, bonuses, overtime pay, or other compensation due ... ; and claims for violation of any federal, state, or other governmental law, statute, regulation, or ordinance....

[JA058, JA067 (*Id.*, Exs. A and B, § 4.2)]. Moreover, the agreements require Coleman and Perkins to pursue those claims on an individual (not class or collective action) basis:

> Any and all claims must be brought in Employee's individual capacity, and not as a plaintiff, representative class member or class member in any purported class, collective or representative proceeding, to the maximum extent permitted by applicable law....

[JA058, JA067 (*Id.*, Exs. A and B, § 4.2)]. The agreements include a Pennsylvania choice-of-law provision:

> Notwithstanding principles of conflicts of law of any jurisdiction to the contrary, this Agreement shall be construed in accordance with, and the rights and obligations of the Parties hereunder shall be governed by ... the laws of the Commonwealth of Pennsylvania.

[JA061, JA070 (Dkt. 18-1 at Exs. A and B, § 5.9)].

By voluntarily signing and executing their agreements, Coleman and Perkins represented that they had read and understood the agreement's provisions, had the opportunity to consult with counsel, and agreed to the agreement's terms. [JA062, JA071 (Dkt. 18-1 at Exs. A and B, at p.8)]. Before the District Court, Coleman and Perkins did not contest the formation, validity, or scope of their arbitration agreements with System One.

### B.    Procedural History

In the operative First Amended Complaint, Appellees alleged that System One paid them and other similarly situated employees a "day rate for each day worked, regardless of the total hours worked in a workweek" and "without overtime compensation" in violation of the overtime pay requirements of the FLSA. [JA016-JA026 (Dkt. 9 at ¶¶ 6, 7, 14, 52-82)]. In accordance with Appellees' arbitration agreements, System One filed a Motion to Dismiss or Compel Arbitration and Stay Further Judicial Proceedings. [JA031-JA051 (Dkts. 17, 18)]. In support of its motion, System One relied on the FAA and, in the alternative, the Pennsylvania Uniform Arbitration Act (PUAA). [JA035, JA039 (Dkt. 18 at p.1 & 5 n.3)].

In their opposition to System One's motion, Appellees did not dispute that they entered into arbitration agreements with System One that covered their FLSA claims. [JA072-JA088 (Dkt. 24)]. Instead, Appellees argued that: (a) they could not be compelled to arbitrate their disputes pursuant to the FAA because they were "transportation workers" under § 1 of the FAA; and (b) they could not be compelled to arbitrate their disputes pursuant to the PUAA because System One mentioned the PUAA in a footnote of its brief as an alternative to enforcement under the FAA. [JA074-JA086 (Dkt. 24 at 3-15)]. Appellees did not request discovery in support of their argument that they qualified for the transportation worker exemption.

The District Court did not grant System One's motion. Instead, it directed the parties to engage in "discovery on the issue of arbitrability of Plaintiffs' FLSA claims in their First Amended Complaint" and to thereafter file supplemental briefs and exhibits. [JA003-JA005 (Dkt. 31)]. System One filed a motion for reconsideration [JA095-JA098 (Dkt. 32)], which the District Court denied. [JA006-JA010 (Dkt. 39)]. This appeal followed. [JA001-JA002 (Dkt. 40)].

## V.    SUMMARY OF THE ARGUMENT

This Court has jurisdiction over the District Court's Discovery Order, as that order refused to enter a stay pending arbitration (as System One requested) and instead compelled the parties to engage in discovery. In the alternative, this Court may consider System One's appeal as a petition for writ of mandamus, because the

Discovery Order was entered in direct contravention of this Court's clear instruction in *Harper* that where there is uncertainty about whether the FAA's transportation worker exemption applies, the district court must consider whether the agreement is enforceable under state law before ordering discovery on the transportation worker exemption.

Appellees do not belong to a class of workers engaged in foreign or interstate commerce. Thus, they are not entitled to avoid arbitration pursuant to the transportation worker exemption found in § 1 of the FAA. Appellees bear the burden of showing they are exempt under § 1, yet they fail to articulate any facts to substantiate even a colorable argument supporting application of the exemption. Instead, Appellees aver that they inspect work performed by others during the construction of a pipeline. Controlling precedent from the United States Supreme Court and this Court make clear that such activities do not fall within the § 1 exception.

Even if there was any conceivable doubt about Appellees' status as transportation workers that might have justified discovery, the District Court erred by ordering discovery before considering whether to grant System One's motion to compel arbitration under state law. Pursuant to *Harper*, the District Court was required to consider (and should have granted) System One's motion to compel

arbitration under the PUAA even if it determined that discovery would have aided in its assessment of Appellees' status as transportation workers under the FAA.

## VI.    STANDARD OF REVIEW

The Third Circuit exercises plenary review over a district court's order denying a motion to compel arbitration and stay the case. *Brayman Const. Corp. v. Home Ins. Co.*, 319 F.3d 622, 624-25 (3d Cir. 2003); *Hoxworth v. Blinder, Robinson & Co.*, 980 F.2d 912, 925 (3d Cir. 1992).

The FAA establishes a "liberal federal policy favoring arbitration agreements." *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24 (1983). "[Q]uestions of arbitrability must be addressed with a healthy regard for the federal policy favoring arbitration." *Id*. "[A]s a matter of federal law, any doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration." *Id.* at 24-25.

## VII.  ARGUMENT

### A.  The Court Has Jurisdiction Over System One's Appeal From the District Court's Discovery Order or in the Alternative, May Grant Review of the Appeal as a Petition for Writ of Mandamus.[2]

#### 1.  The Court Has Jurisdiction Over System One's Appeal From the District Court's Discovery Order.

The Court has jurisdiction over System One's appeal from the District Court's Discovery Order. The FAA provides, in relevant part, that "[a]n appeal may be taken from ... an order ... refusing a stay of an action under section 3 of this title" or "denying a petition under section 4 of this title to order arbitration to proceed." 9 U.S.C. § 16(a)(1)(A), (B). Thus, the FAA provides "an exception to the final decision rule in 28 U.S.C. § 1291." *Bacon v. Avis Budget Grp., Inc.*, 959 F.3d 590, 597 (3d Cir. 2020). "In considering ... appellate jurisdiction ... § 16(a) ensur[es] that district court orders hostile to arbitration agreements can be immediately appealed." *Grosvenor v. Quest Corp.*, 733 F.3d 990, 995 (10th Cir. 2013). Accordingly, this Court has "jurisdiction over orders refusing to compel arbitration 'irrespective of the fact that [a motion] was denied without prejudice," as well as "orders entered where the district court does not feel itself ready to make a definitive decision on whether to order arbitration and therefore denies a motion to compel." *Bacon*, 959 F.3d at

---

[2] System One begins its argument with a discussion of this Court's jurisdiction in light of the Court's May 4, 2023 Order referring the issue of jurisdiction to the merits panel. (Doc. No. 14).

599 (citing *Quilloin v. Tenet HealthSystem Phila., Inc.*, 673 F.3d 221, 228 (3d Cir. 2012); *Sandvik A.B. v. Advent Int'l Corp.*, 220 F.3d 99, 102-03 (3d Cir. 2000)).

Even where a district court does not explicitly "deny" a motion to compel arbitration, courts of appeal have jurisdiction over orders that "*effectively* ... refuse a stay" pursuant to 9 U.S.C. § 16. *Pre-Paid Legal Servs., Inc. v. Cahill*, 786 F.3d 1287, 1290 (10th Cir. 2015) (emphasis added); *Corpman v. Prudential-Bache Sec., Inc.*, 907 F.2d 29, 30 (3d Cir. 1990) (per curiam) (holding that court had jurisdiction to review order lifting stay of arbitration because it was "in essence an order refusing to stay an action under section 3 of the [FAA]"); *see also Am. Neighborhood Mortgage Acceptance Co. v. CrossCountry Mortgage, Inc.*, No. 20-3324, 2021 WL 4705231, at *2 (3d Cir. 2021) ("Because the dismissal order *in effect* declined to compel arbitration, we have jurisdiction to review it.") (emphasis added; internal quotations and brackets omitted).

A discovery order issued in response to a party's motion for a stay of the litigation pending arbitration is effectively a refusal to stay the litigation under 9 U.S.C. § 3 and is immediately appealable under § 16(a)(1). *See Bacon*, 959 F.3d at 599 (exercising jurisdiction over, *inter alia*, appeal of district court's non-final order requiring additional evidence on the issue of assent to arbitration because motion to compel arbitration "was essentially denied without prejudice subject to additional discovery"); *Klepper v. SLI, Inc.*, 45 F. App'x 136, 137-38 (3d Cir. 2002) (exercising

jurisdiction over appeal from discovery order where order "in essence" constituted declination to stay litigation pending arbitration). That is true even when a district court does not explicitly "deny" a motion to compel arbitration. *See Madol v. Dan Nelson Automotive Auto. Group*, 372 F.3d 997, 998-99 (8th Cir. 2004).

In *Madol*, the United States Court of Appeals for the Eighth Circuit considered whether it had jurisdiction over an appeal of a district court's order that (1) set aside a magistrate judge's order that compelled arbitration, and (2) ordered the parties to engage in discovery on the validity of their arbitration agreement. 372 F.3d at 998-99. The court held that it had jurisdiction to consider the appeal, despite the fact that the "district court's order did not purport to determine conclusively whether the dispute should be referred to an arbitrator" and was "temporary [in] nature"—*i.e.*, was pending discovery. *Id.* at 999. According to the Eighth Circuit, regardless of these facets of the order, in effect it was an order "refusing a stay" and thus immediately appealable under § 16(a)(1) of the FAA. *Id.*

Similar to *Madol*, the District Court's Discovery Order refused to grant System One's motion to compel arbitration. [JA003-JA010 (Dkts. 31, 39)]. Instead, it suspended resolution of System One's motion and directed the parties to engage in further litigation in court (*i.e.*, court-supervised discovery and briefing)—the very forum the parties agreed *not* to use to resolve their disputes. [JA003-JA010 (Dkts. 31, 39)]. In substance, this is no different than if the District Court had denied System

11

One's motion to compel arbitration without prejudice to its right to renew its motion following a period of discovery. *See Madol*, 372 F.3d at 998-99; *Klepper*, 45 F. App'x at 137-38. The Discovery Order is effectively an order refusing a stay and is therefore appealable under § 16(a)(1) of the FAA.

> 2. In the Alternative, the Court May Review System One's Appeal as a Petition for Writ of Mandamus.

Even if the Court were to find that the Discovery Order was not a sufficient "denial" of System One's motion to allow an immediate appeal, it may treat System One's submission as a petition for writ of mandamus. *See Suarez-Valdez v. Shearson Lehman/American Exp., Inc.*, 858 F.2d 648, 649 & n.2 (11th Cir. 1988) (treating appeal of discovery order as petition for writ of mandamus and granting same, holding that discovery order was in direct contravention of Supreme Court precedent which holds arbitration agreements should be enforced); *Ex parte Bill Heard Chevrolet, Inc.*, 927 So.2d 805 (Ala. 2005) (petition for writ of mandamus is appropriate means of challenging trial court's order continuing motion to compel arbitration to allow discovery); *cf. Bacher v. Allstate Ins. Co.*, 211 F.3d 52, 57 n.1 (3d Cir. 2000) (recognizing that court could treat notice of appeal as petition for writ of mandamus but declining to do so because in response to clerk's inquiry on jurisdictional issue, appellant refused to so request).

A writ of mandamus may be issued when "the party seeking the writ has no other adequate means to attain the relief he desires" and "the court below has

committed a clear error of law." *Cippollone v. Liggett Grp., Inc.*, 785 F.2d 1108, 1118 (3d Cir. 1986). The Court must also be satisfied that the writ is "appropriate under the circumstances." *Cheney v. U.S. Dist. Court for the Dist. of Columbia*, 542 U.S. 367, 380-81 (2004).

In the discovery context, courts have found mandamus appropriate where necessary to correct an error with potentially far-reaching consequences. *See In re Kellogg Brown & Root, Inc.*, 756 F.3d 754, 763 (D.C. Cir. 2014) ("mandamus can be appropriate to 'forestall future error in trial courts' and 'eliminate uncertainty' in important errors of law"). For example, mandamus is appropriate where the issue is one of first impression and is important to the administration of discovery. *Colonial Times, Inc. v. Gasch*, 509 F.2d 517, 526 (D.C. Cir. 1975).

In *Gasch*, the United States Court of Appeals for the District of Columbia Circuit considered whether a district court's refusal to authorize deposition by "other than stenographic means" under Federal Rule of Civil Procedure 30(b)(4) justified the issuance of the writ. 509 F.2d at 519. The Court of Appeals held that the district court's refusal constituted clear error because other district courts within that circuit had permitted the taking of depositions by other than stenographic means, and the district judge should have (but did not) inquire into the particulars of the request to take the depositions by other means. *Id*. at 521-22. Further, mandamus was appropriate because the error concerned a misapprehension of the basic purpose of

the discovery rule at issue, and its correction would provide direction to district courts in developing standards under Rule 30(b)(4). *Id*. at 525. Moreover, it was the sort of issue important to litigation in general, but often not positioned for appellate review. *Id*.

A writ of mandamus is likewise appropriate here. The District Court's Discovery Order constitutes clear error because it failed to consider whether the arbitration agreement was enforceable under state law before ordering burdensome discovery on the FAA issue. As explained in detail below, this was in direct contravention of recent Third Circuit precedent holding that where doubt has been cast upon whether the FAA's transportation worker exemption applies, the district court must consider whether the agreement is enforceable under state law *before* ordering discovery. *Harper*, 12 F.4th at 296.

Like the district court's order at issue in *Gasch*, the District Court's Discovery Order concerns a misapprehension of the basic purpose of this Court's *Harper* decision, which is to limit unnecessary discovery. *See Gasch*, 509 F.2d at 519, 521-22; *Harper*, 12 F.4th at 296. A correction of this clear error would provide guidance to district courts on the appropriate sequence for considering a motion to compel arbitration where the transportation worker exemption is in dispute but there is also a state law basis to resolve the motion *without* discovery. *Gasch*, 509 F.2d at 519, 521-22. This issue is significant to other litigation on a recurring issue that may

otherwise not be well-positioned for appellate review. Should other district courts follow the District Court's lead in this case and refuse to apply *Harper* to original jurisdiction cases, litigants would be subjected to broad-ranging discovery and litigation activity in court even when no discovery would be required to determine that their arbitration agreements are enforceable under state law. That is a result that this Court has indicated should be avoided. *See Klepper*, 45 F. App'x at 139.

"[I]f federal law does not govern the arbitrability of [the parties'] contract, *some* law must." *Harper*, 12 F.4th at 294. This is true whether the district court has jurisdiction through diversity jurisdiction or original jurisdiction. The District Court committed a clear error of law in refusing to apply *Harper* and instead directing the parties to engage in burdensome litigation activity without first deciding whether the arbitration agreements were enforceable under state law.

### B. The District Court Erred in Refusing to Grant System One's Motion to Compel Arbitration and Directing the Parties to Conduct Discovery on the Question of Whether Appellees Are Subject to the Transportation Worker Exemption of the FAA.

The District Court erred in refusing to grant System One's motion to compel arbitration and instead ordering the parties to engage in discovery on the issue of whether Appellees Coleman and Perkins are transportation workers and therefore exempt from arbitration under the FAA. [JA003-JA010 (Dkts. 31, 39)]. First, the District Court erred in refusing to hold, without discovery, that the transportation worker exemption in § 1 of the FAA does not apply to Appellees. [*Id.*]. Second, even

15

if there was some question as to whether the transportation worker exemption applied to Appellees, the District Court erred in ordering discovery on that question prior to deciding whether arbitration could be compelled under state law. [*Id.*].

1.    The District Court Erred in Refusing to Hold That Appellees Are Not "Transportation Workers" Under § 1 of the FAA.

The District Court erred in refusing to hold as a matter of law that the transportation worker exemption in § 1 of the FAA does not apply to Appellees. Appellees had the burden to establish that the transportation worker exemption applied. *See Davis v. Cintas Corp.*, No. 2:18-cv-01200, 2019 WL 2223486, at *7 (W.D. Pa. May 23, 2019) (holding that the party opposing arbitration bears the burden of proving they are a member of a class of workers engaged in interstate commerce under § 1 of the FAA); *see also Shearson/Am. Express, Inc. v. McMahon*, 482 U.S. 220, 227 (1987) ("The burden is on the party opposing arbitration ... to show that Congress intended to preclude a waiver of judicial remedies for the statutory rights at issue."). Appellees failed to make any showing that they might be able to meet that burden sufficient to justify entry of the Discovery Order.

Section 1 of the FAA provides that the Act shall not apply to "contracts of employment of seamen, railroad employees, or any other class of workers engaged in interstate or foreign commerce." 9 U.S.C. § 1. In *Circuit City Stores, Inc. v. Adams*, the U.S. Supreme Court made clear that "the plain meaning of the words 'engaged in commerce' is narrower than the more open-ended formulations

'affecting commerce' and 'involving commerce.'" 532 U.S. 105, 118 (2001) (citing *Gulf Oil Corp. v. Copp Paving Co.*, 419 U.S. 186, 195 (1974) (phrase "engaged in commerce" "appears to denote only persons or activities within the flow of interstate commerce")). Consequently, the Supreme Court cautioned courts to "construe the [FAA's] 'engaged in commerce' language … in a manner consistent with the FAA's purpose"—to "broadly [] overcome judicial hostility to arbitration agreements"— and held that the § 1 exemption is to be afforded narrow construction. *Circuit City*, 532 U.S. at 118.

Following *Circuit City*, courts have interpreted the phrase "any other class of workers engaged in foreign or interstate commerce" to apply only to "transportation workers" who are "actually engaged in the movement of goods in interstate or foreign commerce or in work so closely related thereto as to be in practical effect part of it." *Singh*, 67 F.4th at 557 (quoting *Tenney Eng'g, Inc. v. United Elec., Radio Mach. Workers of Am., Local 437*, 207 F.2d 450, 452 (3d Cir. 1953)).

In *Southwest Airlines Co.* v. *Saxon*, the Supreme Court further clarified the standard by stating that, for workers to qualify for the § 1 exemption, they must be "actively involved in transportation" and "intimately involved" with interstate commerce. 142 S. Ct. 1783, 1789-90 (2022). And more recently, in *Singh*, this Court reiterated that the question that must be considered in deciding whether the § 1 exemption applies is whether "engagement with interstate commerce [is] central to

17

the work" of the workers in question. 67 F.4th at 560 (framing the "key question" as whether "engagement with interstate commerce [is] central to the work of Uber drivers").

Consistent with the required narrow interpretation of the FAA's transportation worker exemption, courts have declined to bring within the ambit of the exemption classes of workers who are engaged in the production of goods for subsequent transmittal in interstate commerce. *See, e.g.*, *Brashear v. Halliburton Energy Servs., Inc.*, No. 1:20-cv-0505, 2020 WL 4596116, at *5 (E.D. Cal. Aug. 11, 2020) (field workers who performed physical repetitive labor on oil wells not subject to § 1 exemption). They have also declined to apply the transportation worker exemption to those who inspect or perform maintenance on goods for subsequent transmittal in interstate commerce. *See Perez v. Global Airport Sec. Serv., Inc.*, 253 F.3d 1280, 1284 (11th Cir. 2001) (airport security agent who inspected goods and people at airport not subject to § 1 exemption); *Cole v. Burns Int'l Sec. Sys.*, 105 F.3d 1465, 1472 (D.C. Cir. 1997) (security guard at train station not subject to § 1 exemption); *Pilot Travel Ctrs., LLC v. McCray*, 416 S.W.3d 168, 187 (Tex. App. 2013) (truck stop maintenance worker not subject to § 1 exemption).

Notably, courts have uniformly rejected Appellees' argument that oil and gas pipeline inspectors qualify for the transportation worker exemption, holding that they are ***not*** transportation workers subject to the § 1 exemption. *Whitman v. DCP*

18

*Midstream, LLC*, No. 22-CV-106-JFH-CDL, 2022 WL 1836733, at *3 (N.D. Okla. June 3, 2022) (granting motion to compel arbitration); *Whitaker v. Enbridge (U.S.) Inc.*, --- F. Supp.3d ---, Civ. A. No. H-22-2354, 2022 WL 174058533, at *3 (S.D. Tex. Dec. 2, 2022) (same); *Sain v. TransCanada USA Servs., Inc.*, Civ. A. No. H-22-2921, 2023 WL 417476, at *3 (S.D. Tex. Jan. 25, 2023) (same).

As this Court recognized in *Singh*, where the work "remains fundamentally the same" when interstate commerce is "remove[d] … from the equation," a non-moving party cannot meet their burden under § 1. *See Singh*, 67 F.4th at 560 ("Remove interstate commerce from the equation, and the work of Uber drivers remains fundamentally the same. Plaintiffs have not shown that drivers' infrequent interstate trips are, on the whole, an essential part of their job.").

Based on Appellees' own admissions in their declarations, Appellees cannot meet their burden to establish that they belong to a class of workers engaged in foreign or interstate commerce. Instead, Appellees belong to a class of workers who … *inspect*. Coleman admits that he was "primarily responsible for inspecting pipeline construction." [JA089 (Dkt. 24-1 ¶¶ 4-5)]. Perkins admits that he was "responsible for inspecting in-process welds during pipeline construction." [JA092 (Dkt. 24-2 ¶¶ 4-5)]. Even if the thing that the inspectors are inspecting is eventually used to transport goods across state lines, the inspectors themselves do not belong to a class of workers engaged in foreign or interstate commerce. Engagement with interstate

19

commerce is simply not central to the work of inspectors. No amount of discovery would change that fundamental truth.

Appellees' attempts to squeeze themselves into the transportation worker exemption are specious. For example, Appellees assert that System One (a staffing company) is actually a "transportation company." (Dkt. 25-1 ¶ 2).[3] In addition to being inaccurate, Appellees' assertion is immaterial. The Supreme Court rejected the notion that an employee could be a member of a "class of workers" based on the business of their employer; instead, the determination is based on what the worker does for the employer. *Saxon*, 142 S. Ct. at 1788-90 ("Put another way, transportation workers must be actively engaged in transportation of those goods across borders."); *see also Singh*, 67 F.4th at 561 ("Stating that interstate trips are integral to Uber's business and the fulfillment of its mission goals … without more, does not explain much about drivers' actual work.").

The fact that Appellees inspected certain construction activities on pipeline projects that may (or may not) eventually lead to the interstate transmission of natural gas does not make them "transportation workers" under the FAA. *See Whitman*, 2022 WL 1836733, at *3 (holding a pipeline inspector is not "directly

---

[3] In two prior actions filed by Appellees' counsel against System One, counsel correctly noted that System One is a "staffing firm" in an array of specialty areas, none of which are "transportation." *Hobbs v. System One Holdings, LLC*, Case No. 2:18-cv-00181-CRE (W.D. Pa.) at ECF 1, ¶ 12; *see also Weckerly v. System One Holdings, LLC*, No. 2:20-cv-00087-CB-LPL (W.D. Pa.) at ECF 24, ¶ 53.

engaged in the channels of interstate commerce to qualify for the 9 U.S.C. § 1 exemption, despite his relation to interstate commerce at some level"); *Sain*, 2023 WL 417476, at *4 ("In short, while Sain inspects the physical infrastructure needed for the interstate transportation of oil and gas, he does not handle, control, direct, or otherwise directly engage with the flow of those products and therefore is not an exempt transportation worker."). Appellees failed to show that their work— inspecting pipelines under construction—would change when the alleged interstate nature of such pipelines is removed from the equation. *See Singh*, 67 F.4th at 560.

At the District Court, Appellees relied on a menagerie of inapplicable or distinguishable cases, including *Palcko v. Airborne Express*, 372 F.3d 588, 593-94 (3d Cir. 2004). In *Palcko*, this Court held that a supervisor at a transportation company who directly supervised delivery drivers was covered by § 1. *Id.* In contrast, Coleman and Perkins do not assert that they supervise individuals who personally transport goods. [JA089-JA094 (Dkts. 24-1, 24-2)]. At bottom, "inspectors" engage in work that is "so attenuated from the actual flow of goods across state lines" that their job cannot be deemed to be "so closely related" to interstate commerce so "as to be in practical effect part of it." *Whitman*, 2022 WL 1836733, at *3 (distinguishing *Palcko* in case involving pipeline inspectors); *see also Davis*, 2019 WL 2223486, at *8 (citing *Tenney* and distinguishing *Palcko* to hold that route sales drivers were not "transportation workers" where there were no

facts that plaintiff delivered goods in interstate commerce or supervised workers engaged in interstate commerce).

Based on Appellees' own admissions about their job duties in their declarations, no discovery was needed for the District Court to conclude that Appellees do not belong to a class of transportation workers and are not eligible for the § 1 exemption. Therefore, the District Court erred when it failed to grant System One's motion to compel arbitration based upon the FAA.

      2.     The District Court Erred in Refusing to Consider Whether the Parties' Arbitration Agreement Was Enforceable Under State Law Prior to Ordering Discovery on the Transportation Worker <u>Exemption.</u>

Even if there was any doubt about Appellees' status as "transportation workers" under § 1 of the FAA that could have been informed by discovery (which there is not), the District Court erred in ordering discovery on that issue prior to deciding whether arbitration could be compelled under state law. [JA006-JA010 (Dkts. 31, 39)]. In its Discovery Order, the District Court raised the issue of discovery *sua sponte* (Appellees had not requested it), directing the parties to engage in discovery under the standard articulated in *Guidotti v. Legal Helpers Debt Resolution, LLC*, 716 F.3d 764, 771 (3d Cir. 2013). [JA006-JA010 (Dkts. 31, 39)]. The District Court's Discovery Order was in direct contravention of this Court's directive in *Harper*.

In *Harper*, this Court directed that when, in response to a motion to compel arbitration, the non-moving party asserts that the FAA's transportation worker exemption applies, the discovery contemplated by *Guidotti* must be deferred until after the Court considers whether the arbitration agreement should be enforced under state law. 12 F.4th at 293-94, 296. Specifically, the Court instructed district courts to adhere to the following three-step framework:

Step 1: At step one, using the traditional tools of statutory interpretation to analyze the facts of the complaint, a court must consider whether the agreement applies to a class of transportation workers who "engaged directly in commerce" or "work so closely related thereto as to be in practical effect a part of it." ... If the class is outside of that definition, then § 1 does not apply, and cannot serve as a defense to a motion to compel arbitration.

Step 2: If that analysis leads to murky answers, a court moves to step two and assumes § 1 applies, taking the FAA out of the agreement. But the court then considers whether the contract still requires arbitration under any applicable state law. After all, the parties' primary agreement is to arbitrate their disputes, so courts should explore both contractual routes to effectuate that agreement when one is called into question.

Step 3: If the arbitration clause is also unenforceable under state law, then the court reaches step three, and must return to federal law and decide whether § 1 applies, a determination that may benefit from limited and restricted discovery on whether the class of workers primarily engage in interstate or foreign commerce.

*Id.* In other words, where a non-moving party asserts that the transportation worker exemption applies, discovery is a last resort; the district court must first decide whether the arbitration agreement is enforceable under state law before ordering discovery on the FAA's transportation worker exemption. *Id.* at 294 (holding that

the question of whether the arbitration agreement is enforceable under state law "must be resolved before turning to discovery").

System One acknowledges that in an earlier iteration of *Singh* predating *Harper*, this Court took a different approach, remanding the case to the district court so that the parties could engage in discovery on whether the transportation worker exemption applied. *Singh v. Uber Technologies, Inc.*, 939 F.3d 210, 228 (3d Cir. 2019) ("*Singh I*"). That procedural history is not relevant here, for three reasons:

First, in *Singh I*, the defendant did not request that the district court enforce its arbitration agreement under state law as an alternative to its request that the court enforce the agreement under the FAA. *See Singh v. Uber Technologies, Inc.*, 3:16-cv-03044-FLW-DEA (D.N.J.), at Dkts. 62, 79. Here, in contrast, System One expressly stated that arbitration could be compelled under the PUAA (in the alternative to enforcement under the FAA). [JA039 (Dkt. 18 at p.5 n.3)].[4]

Second, in *Singh I*, Judge Porter declined to join that portion of the majority's opinion ordering the parties to engage in discovery regarding the transportation

_____

[4] Before the District Court, Appellees argued that System One waived enforcement of the arbitration agreements under state law because it referenced the PUAA in a footnote. However, System One's core request for relief—an order compelling arbitration—was prominent throughout its brief in support of its motion to compel arbitration [JA031-JA051 (Dkts. 17-18)]; the PUAA citation was appropriately provided in a footnote as an alternative statutory basis for granting the requested relief. In light of the "strong judicial posture favoring arbitration" and this Court's observation that "waiver of arbitration rights 'is not to be lightly inferred,'" *Palcko*, 372 F.3d at 598, there was no waiver here.

24

worker exemption. 939 F.3d at 230-31 (Porter, J., concurring). Judge Porter foreshadowed this Court's subsequent decision in *Harper*, writing: "In light of this overarching goal [*i.e.*, the "speedy disposition of motions or petitions to enforce arbitration clauses"] and the parties' clear agreement to arbitrate their disputes, if there exists a valid alternative basis on which the District Court could compel arbitration, it may be more efficient to decide that question first, before allowing discovery on the §1 issue." *Id.* Two years later, Judge Porter joined Judge Matey's majority opinion in *Harper*, which rectified the concerns first identified by Judge Porter in *Singh I. See Harper*, 12 F.4th at 293-94 ("But when state law grounds exist that would enforce arbitration even if the FAA does not apply, courts must turn to that threshold question ... before ordering discovery.").

Finally, there is a compelling justification for the rule announced in *Harper*. As this Court explained:

> [S]tate law arbitration questions must be resolved before turning to questions of fact and discovery. Fairly, the District Court opted to resolve the applicability of the FAA before diving into a choice-of-law analysis. That sequencing replaces a possibly challenging set of legal questions with an almost certainly burdensome set of factual disputes and opens the door to the delays, costs, and uncertainty an enforceable arbitration clause seeks to avoid.

*Harper*, 12 F.4th at 295-96. The District Court's Discovery Order discounts *Harper* and reflects a clear error of law that "opens the door to the delays, costs, and uncertainty an enforceable arbitration clause seeks to avoid." *Id.* at 296.

The District Court justified its decision not to follow *Harper* in this case because Appellants filed this case in federal court based on federal question jurisdiction, whereas *Harper* was in federal court on diversity jurisdiction. [JA006-JA010 (Dkt. 39)]. That is not a meaningful distinction. The same considerations that motivated the decision in *Harper*—avoiding delay, cost, and uncertainty—are present in cases in federal court on federal question jurisdiction, and courts have correctly applied the same framework as the Court used in *Harper* to such cases.

For example, in *Adams v. Parts Distribution Xpress, Inc.*, a case in which the plaintiff asserted an FLSA claim, the United States District Court for the Eastern District of Pennsylvania decided to enforce the arbitration agreement under state law despite the non-moving party's argument that the transportation worker exemption precluded enforcement of the agreement under the FAA. Civ. No. 2:20-cv-00697-JMG, 2021 WL 1088231, at *5 (E.D. Pa. Mar. 22, 2021). Likewise, in *Smith v. Khosrowshahi*, the Eastern District of Pennsylvania declined to decide whether the transportation worker exemption applied in a case involving alleged violations of the FLSA, Title VII of the Civil Rights Act of 1964, and 42 U.S.C. § 1981, because the arbitration agreement was enforceable under Pennsylvania law. Civ. No. 19-

4242, 2020 WL 12811380, at *1-2 (E.D. Pa. Dec. 8, 2020) (citing *Reese v. Uber Techs., Inc.*, No. 2:18-cv-03300-NIQA (E.D. Pa. Mar. 4, 2020)); *see also Kauffman v. U-Haul Int'l, Inc.*, No. 5:16-cv-4580, 2018 WL 4094959, at *5-6 (E.D. Pa. Aug. 28, 2018) (in case arising under FLSA and Pennsylvania law, declining to decide whether transportation worker exemption applied because even if it did, the agreement was enforceable under Pennsylvania law). And, in *Sain*, a Texas district court expressly rejected the idea that a different framework should apply when the case is in federal court on federal question jurisdiction, as opposed to diversity jurisdiction. 2023 WL 417476, at *4-5. In holding that "a district court hearing a federal question may look to state law when determining whether to grant a motion to compel arbitration," the district court applied a Texas choice of law provision and granted the defendant's motion to compel arbitration notwithstanding the plaintiffs' argument that the agreement was not enforceable under the FAA due to the transportation worker exemption. *Id.* at *6.

At the District Court, Appellees relied on a few cases to espouse the argument that the type of jurisdiction (federal question or diversity) was of consequence to the application of *Harper*'s three-step framework. (Dkt. 35 at 5). None of those cases speak to the issues raised in this action. For example, in *Bernhardt v. Polygraphic Co. of America*, the Supreme Court was presented with a question of "whether, apart from the Federal [Arbitration] Act, a provision of a contract providing for arbitration

is enforceable in a diversity case." 350 U.S. 198 (1956). The *Bernhardt* Court had no occasion to consider the applicability of state arbitration law in the federal-question context. Likewise, in *Local 205, United Electric, Radio & Mach. Workers of America (UE) v. General Electric Co.*, the First Circuit concluded that the "ruling in the *Bernhardt* case has no bearing on a suit under § 301 [of the Labor Management Relations Act] … [because] jurisdiction in a § 301 case is not based on diversity of citizenship." 233 F.2d 85, 95 (1st Cir. 1956). The Supreme Court affirmed on the alternative basis that the Labor Management Relations Act itself provided a "body of federal substantive law for the enforcement of collective bargaining agreements." 353 U.S. 547 (1957). The Court did not discuss or analyze whether state law might also apply to interpret the arbitration agreement. *Id.* Accordingly, while *Local 205* establishes that other federal law might apply to some arbitration provisions, it does not establish that state law does not apply.

Had the District Court considered whether the arbitration agreements were enforceable under state law, it would have found that they are enforceable. "Pennsylvania law, like federal law, favors the enforcement of arbitration agreements." *Kaneff v. Delaware Title Loans, Inc.*, 587 F.3d 616, 624 (3d Cir. 2009). The PUAA provides that "a provision in a written agreement to submit to arbitration any controversy thereafter arising between the parties is valid, enforceable and

irrevocable, save upon grounds as exist at law or in equity relating to the validity, enforceability or revocation of any contract." 42 Pa. Cons. Stat. § 7303.

The agreements here contained a Pennsylvania choice of law clause and as such, the agreements plainly "contemplate[d] enforcement under [Pennsylvania] statutory or common law." *Ario v. Underwriting Members of Syndicate 53 at Lloyds*, 618 F.3d 277, 292 (3d Cir. 2010); [JA061, JA070 (Dkt. 18-1 at Ex. A, B, § 5.9)]. The District Court could have avoided the delay, cost, and uncertainty the enforceable arbitration clause at issue here sought to avoid because the PUAA does not contain an exemption similar to the FAA's transportation worker exemption. *See Harper*, 12 F.4th at 296; *see also Nelson v. Gobrands, Inc.*, No. 20-cv-5424, 2021 WL 4262325, at *5 (E.D. Pa. Sept. 20, 2021) (court did not need to address § 1 dispute because agreement was enforceable under Pennsylvania law).

The District Court was bound to follow *Harper*. It should have evaluated (and granted) System One's motion to compel arbitration under the PUAA before ordering discovery on the issue of the FAA's transportation worker exemption.

## VIII. CONCLUSION

The District Court's Discovery Order contravenes well-standing precedent on the applicability of the FAA's § 1 transportation worker exemption, as well as this Court's decision in *Harper*, 12 F.4th at 296. System One requests that the Court reverse the Discovery Order and remand with instructions for the District Court to

grant System One's motion to compel arbitration and stay further proceedings in the

lower court.


Dated:  June 12, 2023                    Respectfully submitted,

                                         */s/ Robert W. Pritchard*
                                         Robert W. Pritchard, Pa. I.D. No. 76979
                                         rpritchard@littler.com
                                         Sarah J. Miley, Pa. I.D. No. 314830
                                         smiley@littler.com
                                         Taylor N. Brailey, Pa. I.D. No. 324308
                                         tbrailey@littler.com

                                         LITTLER MENDELSON, P.C.
                                         625 Liberty Avenue, 26th Floor
                                         Pittsburgh, PA  15222
                                         Telephone: 412.201.7628/7669/7657
                                         Facsimile: 412.774.1957

                                         *Attorneys for Appellant*
                                         *System One Holdings, LLC*

## CERTIFICATE OF BAR MEMBERSHIP, COMPLIANCE WITH TYPE-VOLUME LIMITATION AND TYPEFACE REQUIREMENTS, AND VIRUS CHECK

I, Robert W. Pritchard, counsel for Appellant System One Holdings, LLC, certify, pursuant to Local Appellate Rule 28.3(d) that I am a member in good standing of the Bar of the Court of Appeals for the Third Circuit. I further certify, pursuant to Federal Rules of Appellate Procedure 32(a)(5)-(7), and Local Appellate Rules 31.1(c) and 32.1(c), that the foregoing Brief of Appellee is proportionately spaced and has a typeface of 14-point Times New Roman, contains 7,298 words (not counting those portions excluded from the word count by Rule 32(f)), and that the text of the electronic brief is identical to the text of the paper copies. I further certify, pursuant to Local Appellate Rule 31.1(c), that Windows Defender has been run on this Brief before filing and that no virus was detected.

Dated: June 12, 2023

*/s/ Robert W. Pritchard*
Robert W. Pritchard (PA No. 76979)
Sarah J. Miley (PA No. 314830)
Taylor N. Brailey (PA No. 324308)

*Attorneys for Appellant,*
*System One Holdings, LLC*

# UNITED STATES COURT OF APPEALS
# FOR THE THIRD CIRCUIT

---

## Case No. 22-1461

---

## SYSTEM ONE HOLDINGS, LLC,

**Appellant**

### v.

## TOMMY COLEMAN, et al.,

**Appellees**

---

On Appeal from the United States District Court's February 11, 2022 Order
denying System One Holdings, LLC's Motion to Dismiss and Compel Arbitration

---

## JOINT APPENDIX VOLUME ONE, PP. JA001 – JA010

---

Robert W. Pritchard, Pa. I.D. No. 76979
rpritchard@littler.com
Sarah J. Miley, Pa. I.D. No. 314830
smiley@littler.com
Taylor N. Brailey, Pa. I.D. No. 324308
tbrailey@littler.com
LITTLER MENDELSON, P.C.
625 Liberty Avenue, 26th Floor
Pittsburgh, Pennsylvania 15222
Telephone: 412.201.7628/7669/7657
Facsimile: 412.774.1957

*Attorneys for Appellant*
*System One Holdings, LLC*

# TABLE OF CONTENTS

|  | Page(s) |
|---|---|
| System One Holdings, LLC Notice of Appeal | JA001-JA002 |
| Order Denying Defendant's Motion to Dismiss or, Alternatively, to Compel Arbitration and Stay Further Judicial Proceedings | JA003-JA005 |
| Memorandum Order Denying Defendant's Motion for Reconsideration of the Court's February 11, 2022 Discovery Order | JA006-JA010 |

Dated:  June 12, 2023

/s/ Robert W. Pritchard
Robert W. Pritchard (Pa. I.D. No. 76979)
Sarah J. Miley (Pa. I.D. No. 314830)
Taylor Brailey (Pa. I.D. No. 324308)

*Attorneys for Appellant,*
*System One Holdings, LLC*

4875-1558-5127.1 / 100674-1012

JOINT APPENDIX

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| TOMMY COLEMAN and JASON PERKINS, <br><br>       Plaintiffs, <br><br> v. <br><br> SYSTEM ONE HOLDINGS, LLC, <br><br>       Defendant. | Civil Action No. 2:21-cv-01331-AJS |

## NOTICE OF APPEAL

Notice is hereby given that Defendant System One Holdings, LLC hereby appeals to the United States Court of Appeals for the Third Circuit from the Court's February 11, 2022 Order, Dkt. 31, pursuant to 9 U.S.C. § 16(a)(1)(A)-(B). Pursuant to Rule 3(c)(4) of the Federal Rules of Appellate Procedure, this notice of appeal encompasses the Court's March 3, 2022 Order denying Defendant's motion for reconsideration, Dkt. 39.

Date: March 11, 2022

Respectfully submitted,

*/s/ Robert W. Pritchard*

Robert W. Pritchard (PA #76979)
rpritchard@littler.com
Sarah J. Miley (PA #314830)
smiley@littler.com
Taylor N. Brailey (PA #324308)
tbrailey@littler.com
**LITTLER MENDELSON, P.C.**
625 Liberty Avenue, 26th Floor
Pittsburgh, PA  15222
Ph:  (412) 201-7628/7669/7657
Fax:  (412) 774-1489

*Attorneys for Defendant*
*System One Holdings, LLC*

JA001

## CERTIFICATE OF SERVICE

I hereby certify that on this 11th day of March, 2022, a copy of the foregoing document was filed using the Western District of Pennsylvania's ECF system, through which this document is available for viewing and downloading, causing a notice of electronic filing to be served upon the following counsel of record:

Andrew W. Dunlap, Esq.
adunlap@mybackwages.com
JOSEPHSON DUNLAP LAW FIRM
11 Greenway Plaza, Suite 3050
Houston, TX 77046

William F. Goodrich, Esq.
bill@goodrichandgeist.com
Joshua P. Geist, Esq.
josh@goodrichandgeist.com
Bianca M. Dinardo, Esq.
biancad@goodrichandgeist.com
GOODRICH & GEIST, P.C.
3634 California Ave.
Pittsburgh, Pennsylvania 15212

Richard (Rex) Burch, Esq.
rburch@brucknerburch.com
BRUCKNER BURCH PLLC
11 Greenway Plaza, Suite 3025
Houston, TX 77046

*Attorneys for Plaintiffs*

/s/ Robert W. Pritchard
Robert W. Pritchard

4868-9432-0915.1 / 100674-1012

JA002

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

TOMMY COLEMAN
AND JASON PERKINS,

          Plaintiffs,

v.

SYSTEM ONE HOLDINGS, LLC,

          Defendant.

21cv1331

ELECTRONICALLY FILED

## ORDER RE: DEFENDANT'S MOTION TO DISMISS OR, ALTERNATIVELY, TO COMPEL ARBITRATION AND STAY FURTHER JUDICIAL PROCEEDINGS (Doc. 17).

      Pending is Defendant System One Holdings, LLC's "Motion to Dismiss or, Alternatively, to Compel Arbitration and Stay Further Judicial Proceedings" (Doc. 17). Defendant's "Motion to Dismiss or, Alternatively, to Compel Arbitration and Stay Further Judicial Proceedings" is brought pursuant to Federal Rule of Civil Procedure 12(b)(3) and (b)(6), and the Federal Arbitration Act ("FAA"), 9 U.S.C. §§ 3-4. (Doc. 18 at 1, 1 n. 1).

      *I.*    *Background*

      Defendant's "Motion to Dismiss, or to Compel Arbitration and Stay Judicial Proceedings" is filed in response to Plaintiffs Tommy Coleman and Jason Perkins' First Amended Complaint (Doc. 9). By way of their First Amended Complaint, Plaintiffs assert claims against Defendant, their former employer, including a putative collective action, under the federal Fair Labor Standards Act ("FLSA"). (*Id.*). Plaintiffs seek "to

recover the unpaid overtime wages and other damages [allegedly] owed to Plaintiffs and workers similarly situated to Plaintiffs" by Defendant, their former employer.  (*Id.*, ¶ 8).

    II.     *Discussion*

    In *Guidotti v. Leg. Helpers Debt ADR, L.L.C.,* 716 F.3d 764, 771 (3d Cir. 2013), the United States Court of Appeals for the Third Circuit addressed what is the standard a district court should apply in evaluating a motion to compel arbitration:

> To summarize, when it is apparent, based on "the face of a complaint, and documents relied upon in the complaint," that certain of a party's claims "are subject to an enforceable arbitration clause, a motion to compel arbitration should be considered under a Rule 12(b)(6) standard without discovery's delay." *Somerset*, 832 F.Supp.2d at 482. But if the complaint and its supporting documents are unclear regarding the agreement to arbitrate, or if the plaintiff has responded to a motion to compel arbitration with additional facts sufficient to place the agreement to arbitrate in issue, then "the parties should be entitled to discovery on the question of arbitrability before a court entertains further briefing on [the] question." *Id.* After limited discovery, the court may entertain a renewed motion to compel arbitration, this time judging the motion under a summary judgment standard. In the event that summary judgment is not warranted because "the party opposing arbitration can demonstrate, by means of citations to the record," that there is "a genuine dispute as to the enforceability of the arbitration clause," the "court may then proceed summarily to a trial regarding 'the making of the arbitration agreement or the failure, neglect, or refusal to perform the same,' as Section 4 of the FAA envisions." *Id.* (quoting 9 U.S.C. § 4).

*Guidotti v. Leg. Helpers Debt ADR, L.L.C.*, 716 F.3d 764, 776 (3d Cir. 2013).

    Having reviewed the numerous exhibits submitted by the parties, the Court finds that the Plaintiffs have responded to Defendant's "Motion to Dismiss or, Alternatively, to Compel Arbitration and Stay Further Judicial Proceedings" with additional facts sufficient to place the parties' Agreements to Arbitrate in issue.  Therefore,  because pursuant to *Guidotti, supra*., the parties are "entitled to discovery on the question of arbitrability," the Court is granting the parties a 30-day period to engage in discovery,

limited solely to the issue of the arbitrability of Plaintiffs' FLSA claims in their First Amended Complaint. Thereafter, the parties may each supplement their positions on Defendant's "Motion to Dismiss or, Alternatively, to Compel Arbitration and Stay Further Judicial Proceedings" with a brief not to exceed 10 pages, and any supporting exhibits. Thereafter, consistent with *Guidotti, supra.*, the Court will adjudicate Defendant's "Motion to Dismiss or, Alternatively, to Compel Arbitration and Stay Further Judicial Proceedings" under "a summary judgment standard." *Guidotti*, 716 F.3d at 776.

III.    *Conclusion*

The parties shall have until March 14, 2022 to conduct discovery on the issue of the arbitrability of Plaintiffs' FLSA claims in their First Amended Complaint.

No later than March 28, 2022, each party may file a supplemental brief, not to exceed 10 pages, and any supporting exhibits, relative to Defendant's "Motion to Dismiss or, Alternatively, to Compel Arbitration and Stay Further Judicial Proceedings."

Thereafter, the Court will promptly decide Defendant's "Motion to Dismiss or, Alternatively, to Compel Arbitration and Stay Further Judicial Proceedings," under "a summary judgment standard," as set forth in *Guidotti*, 716 F.3d at 776.

SO ORDERED this 11th day of February, 2022.

s/Arthur J. Schwab
Arthur J. Schwab
United States District Judge

cc:    All ECF registered counsel of record

JA005

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

TOMMY COLEMAN
AND JASON PERKINS,

                              21cv1331

       Plaintiffs,              ELECTRONICALLY FILED

        v.

SYSTEM ONE HOLDINGS, LLC,

       Defendant.

## **MEMORANDUM ORDER DENYING DEFENDANT'S MOTION FOR RECONSIDERATION OF THE COURT'S FEBRUARY 11, 2022 DISCOVERY ORDER (Doc. 32).**

     Pending is Defendant's Motion for Reconsideration of this Court's February 11, 2022 Order ("the February 11, 2022 Order") (Doc. 31), which this Court entered with respect to Defendant's Motion to Dismiss or Alternatively, to Compel Arbitration and Stay Further Judicial Proceedings ("Defendant's Motion to Dismiss or to Arbitrate") (Doc. 32). "System One respectfully requests that the Court reconsider its order compelling discovery on the FAA's transportation worker exemption and instead consider—in the first instance—whether Plaintiffs' arbitration agreements are enforceable under state law." (Doc. 33 at 5).

     In the February 11, 2022 Order, this Court determined:

> Having reviewed the numerous exhibits submitted by the parties, the Court finds that the Plaintiffs have responded to Defendant's "Motion to Dismiss or, Alternatively, to Compel Arbitration and Stay Further Judicial Proceedings" with additional facts sufficient to place the parties' Agreements to Arbitrate in issue. Therefore, because pursuant to *Guidotti* [v. *Leg. Helpers Debt ADR, L.L.C.*, 716 F.3d 764, 776 (3d Cir. 2013)], the parties are "entitled to discovery on the question of arbitrability," the Court is granting the parties a 30-day period to engage in discovery, limited solely to the issue of the arbitrability of Plaintiffs' FLSA claims in their First

Amended Complaint. Thereafter, the parties may each supplement their positions on Defendant's "Motion to Dismiss or, Alternatively, to Compel Arbitration and Stay Further Judicial Proceedings" with a brief not to exceed 10 pages, and any supporting exhibits. Thereafter, consistent with *Guidotti, supra*., the Court will adjudicate Defendant's "Motion to Dismiss or, Alternatively, to Compel Arbitration and Stay Further Judicial Proceedings" under "a summary judgment standard." *Guidotti*, 716 F.3d at 776.

(Doc. 31 at 2-3).

Plaintiffs have filed a response, in opposition to Defendant's Motion for Reconsideration (Doc. 35), and Defendant has filed a reply to Plaintiffs' response (Doc. 38). Accordingly, this matter is fully briefed, and ripe for adjudication.

I.      Standard of Review

Motions for reconsideration are granted to correct "manifest errors of law or fact or to present newly discovered evidence." *Harsco Corp. v. Zlotnicki*, 779 F.2d 906, 909 (3d Cir. 1985). For the Court to reconsider its decision with respect to the February 11, 2022 Order, Defendant must show: (1) an intervening change in controlling law; (2) new evidence that was not available when the court entered its original order; or (3) that reconsideration was necessary to correct a clear error of law or fact or to prevent manifest injustice. *Max's Seafood Cafe ex rel. Lou–Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999).

II.      Discussion

In support of its Motion for Reconsideration, Defendant asserts: "[t]he Court should reconsider its discovery order because the Court overlooked binding Third Circuit precedent that required it to first determine whether Plaintiffs' arbitration agreements are enforceable under state law prior to ordering discovery on the FAA's transportation

worker exemption. Thus, reconsideration is necessary to correct a clear error of law."

([Doc. 33 at 3]).

The case upon which Defendant's motion for reconsideration relies is *Harper v. Amazon*, 12 F.4th 287 (3d Cir. 2021). In *Harper*, the United States Court of Appeals for the Third Circuit held:

> Recall that *Singh* adopts the test outlined in *Guidotti*, requiring courts to resolve a motion to compel arbitration "under a Rule 12(b)(6) standard without discovery's delay" when only facts alleged in the complaint are sufficient for a decision as a matter of law. *Guidotti*, 716 F.3d at 776 (internal quotation marks omitted). In challenges to arbitrability under § 1, that creates a three-part framework. At step one, using the traditional tools of statutory interpretation to analyze the facts of the complaint, a court must consider whether the agreement applies to a class of transportation workers who "engaged directly in commerce" or "work so closely related thereto as to be in practical effect part of it." *Tenney,* 207 F.2d at 452. If the class is outside that definition, then § 1 does not apply, and cannot serve as a defense to a motion to compel arbitration. If that analysis leads to murky answers, a court moves to step two and assumes § 1 applies, taking the FAA out of the agreement. But the court then considers whether the contract still requires arbitration under any applicable state law. After all, the parties' primary agreement is to arbitrate their disputes, so courts should explore both contractual routes to effectuate that agreement when one is called into question. If the arbitration clause is also unenforceable under state law, then the court reaches step three, and must return to federal law and decide whether § 1 applies, a determination that may benefit from limited and restricted discovery on whether the class of workers primarily engage in interstate or foreign commerce.

*Harpe*r, 12 F.4th at 296.

To understand the Court of Appeals for the Third Circuit's holding, *supra*., the holding must be understood within the jurisdictional framework of the *Harper* case, which is that the district court's jurisdiction in *Harper* was based on diversity jurisdiction, pursuant to 28 U.S.C.§ 1332.[1] This is significant because, as explained by

---

[1] In *Harper*, the plaintiff's claims against the defendant were New Jersey state law claims. *Id*. at 292.

the *Harper* Court in the introductory paragraph of its decision:

> Harper alleges Amazon owes him wages and tips. Perhaps they do. But before answering that question, the District Court must first ask another: whether Harper's claims belong in arbitration. This inquiry, as we hold today, respects the balance of authority between the several States and the United States and requires federal courts sitting in diversity to decide state law claims, including state arbitrability, even where the Federal Arbitration Act ("FAA") may apply. Doing so promotes both the competitive and cooperative aspects of Our Federalism, with appropriate "sensitivity to the legitimate interests of both State and National Governments." *Younger v. Harris*, 401 U.S. 37, 44, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971). That is a threshold inquiry, ensuring prompt review of state law claims, particularly before turning to discovery to sort through a comparatively complex federal question. For that reason, we will vacate the District Court's judgment and remand to determine the arbitrability of Harper's claim against Amazon under applicable state law.

*Id*. at 290–91 (footnote omitted). *See also id.* at 295 (concluding, "[a] remand to fully consider arbitration under state law grounds . . . is what federalism requires of a federal court sitting in diversity jurisdiction on a state law claim.") (footnote omitted).

Once the jurisdictional framework of *Harper* is understood, and contrary to Defendant's assertions, the Court of Appeals for the Third Circuit's direction in *Harper*, that a court must address state law arbitration questions before ordering discovery on whether the FAA applies, is limited to cases where the district court is sitting in diversity. Such is not the case in this civil matter, where the Court's jurisdiction over Plaintiffs' FLSA claims is not premised upon diversity jurisdiction, but upon federal question jurisdiction pursuant to 28 U.S.C. § 1331. Therefore, the Court finds that: (1) it is not required, pursuant to *Harper*, to address state law arbitration questions before ordering discovery on whether the FAA applies in this case; and (2) the February 11, 2022 Order

JA009

need not be vacated, as Defendant contends, to correct a clear error of law.[2]

*III.*     *Conclusion*

For the reasons set forth above, Defendant's Motion for Reconsideration

([Doc. 32](#)) is DENIED.

<div style="margin-left:40%">

SO ORDERED this 3rd day of March, 2022.

s/Arthur J. Schwab
Arthur J. Schwab
United States District Judge

</div>

cc:     All ECF registered counsel of record

---

[2] To be clear, nothing in this Memorandum Order is to be interpreted as a substantive ruling on whether: (1) Defendant waived any state law enforceability arguments; or (2) Plaintiffs' FLSA claims against Defendant are arbitrable.

## <u>CERTIFICATE OF SERVICE</u>

I, Robert W. Pritchard, counsel for Appellant System One Holdings, LLC,

certify that on June 12, 2023, I filed the foregoing Brief of Appellant with Joint

Appendix Volume I via the Court's CM/ECF system, causing a Notice of Docket

Activity to be served upon the following counsel of record who is a registered

CM/ECF Filing User, along with a paper copy via Federal Express:

Lindsay R. Itkin, Esq.
JOSEPHSON DUNLAP, LLP
11 Greenway Plaza
Houston, TX 77046

Pursuant to Local Appellate Rule 31.1(a), seven identical copies of this Brief

with Volume I of the Appendix is being sent to the Clerk of the Court via Federal

Express:

Patricia S. Dodszuweit, Clerk
Office of the Clerk
United States Court of Appeals for the Third Circuit
21400 United States Courthouse
601 Market Street
Philadelphia, PA 19106-1970

Dated:  June 12, 2023                    */s/ Robert W. Pritchard*
                                          Robert W. Pritchard (PA No. 76979)
                                          Sarah J. Miley (PA No. 314830)
                                          Taylor Brailey (PA No. 324308)

                                          *Attorneys for Appellant*
                                          *System One Holdings, LLC*