No. 22-1461

# United States Court of Appeals
# For the Third Circuit

TOMMY COLEMAN and JASON PERKINS,

>Appellees,

v.

SYSTEM ONE HOLDINGS, LLC,

>Appellant

---

On Appeal from the United States District Court for the
Western District of Pennsylvania
Case No. 2:21-cv-01331-AJS

---

## PLAINTIFF-APPELLEES' BRIEF

---

**Lindsay Itkin Reimer**
Texas State Bar No. 24068647
**Andrew W. Dunlap**
Texas State Bar No. 24078444
**JOSEPHSON DUNLAP, LLP**
11 Greenway Plaza, Suite 3050
Houston, Texas 77046
Tel: (713) 352-1100
Fax: (713) 352-3300
adunlap@mybackwages.com
litkin@mybackwages.com

**Richard J. (Rex) Burch**
Texas State Bar No. 24001807
**BRUCKNER BURCH PLLC**
11 Greenway Plaza, Suite 3025
Houston, Texas 77046
Tel: (713) 877-8788
Fax: (713) 877-8065
rburch@brucknerburch.com

**Joshua P. Geist**
**William F. Goodrich**
**Bianca M. Dinardo**
**GOODRICH & GEIST**
3634 California Avenue
Pittsburgh, Pennsylvania 15212
Tel: (412) 281-1455
Fax: (412) 766-0300
josh@goodrichandgeist.com
bill@goodrichandgeist.com
bianca@goodrichandgeist.com

**COUNSEL FOR PLAINTIFF-APPELLEES**

# **TABLE OF CONTENTS**

TABLE OF CONTENTS ................................................................. i

TABLE OF AUTHORITIES ........................................................... ii

STATEMENT OF JURISDICTION .............................................. 1

STATEMENT OF THE ISSUES ................................................... 2

STATEMENT OF THE CASE ...................................................... 3

STANDARD OF REVIEW............................................................ 5

SUMMARY OF THE ARGUMENT............................................. 6

ARGUMENT................................................................................. 8

A.   THE COURT DOESN'T HAVE JURISDICTION OVER SYSTEM ONE'S APPEAL. ....... 8

B.   THE COURT SHOULD DENY SYSTEM ONE'S PETITION FOR MANDAMUS BECAUSE IT DIDN'T ASK TO CERTIFY AN INTERLOCUTORY APPEAL. .............. 12

C.   THE DISTRICT COURT DIDN'T ERR IN ALLOWING LIMITED DISCOVERY. ........ 13

D.   THE DISTRICT COURT WASN'T REQUIRED TO CONSIDER WHETHER THE ARBITRATION AGREEMENT WAS ENFORCEABLE UNDER STATE LAW. .............. 17

    1.   System One waived any argument state law mandates arbitration.......... 18

    2.   Even if the argument was not waived, state-law enforceability doesn't apply to this original jurisdiction case. ....................................................... 19

CONCLUSION ............................................................................. 24

# TABLE OF AUTHORITIES

Page(s)

Cases

*Allied-Bruce Terminix Companies, Inc. v. Dobson,*
    513 U.S. 265 (1995)..........................................................................................20, 21, 22

*Am. Neighborhood Mortg. Acceptance Co., LLC v. CrossCountry Mortg., Inc.,*
    No. 20-3324, 2021 WL 4705231 (3d Cir. Oct. 8, 2021) ............................. 10

*Bacher v. Allstate Ins. Co.,*
    211 F.3d 52 (3d Cir. 2000) .................................................................. 12

*Bacon v. Avis Budget Grp., Inc.,*
    959 F.3d 590 (3d Cir. 2020) ................................................................... 9

*Bernhardt v. Polygraphic Co. of Am.,*
    350 U.S. 198 (1956).................................................................21, 22, 23

*California Prune & Apricot Growers' Ass'n v. Catz Am. Co.,*
    60 F.2d 788 (9th Cir. 1932) ...........................................................20, 21

*Celotex Corp. v. Catrett,*
    477 U.S. 317 (1986)........................................................................ 15

*Cheney v. U.S. Dist. Court,*
    542 U.S. 367 (2004)......................................................................5, 12

*Conrad v. Phone Directories Co.,*
    585 F.3d 1376 (10th Cir.2009)............................................................ 11

*Corpman v. Prudential-Bache Sec., Inc.,*
    907 F.2d 29 (3d Cir. 1990) .................................................................. 10

*Devon Robotics, LLC v. DeViedma,*
    798 F.3d 136 (3d Cir. 2015) .................................................................. 8

*DIRECTV, Inc. v. Seijas,*
    508 F.3d 123 (3d Cir. 2007) ................................................................. 19

*Erie R. Co. v. Tompkins,*
    304 U.S. 64 (1938)........................................................................ 21

*Falo v. Travelers Pers. Ins. Co.,*
    No. 17CV0143, 2017 WL 2224843 (W.D. Pa. May 22, 2017)................................. 21

*Futrell v. Southeastrans, Inc.,*
    2021 WL 2547660 (N.D. Ga. Apr. 1, 2021) ................................................. 18

*Garza v. Citigroup Inc.,*
    881 F.3d 277 (3d Cir. 2018) ...........................................................18, 19

*Gasperini v. Center for Humanities, Inc.,*
    518 U.S. 415 (1996)........................................................................ 21

*Grosvenor v. Qwest Corp.*,
    733 F.3d 990 (10th Cir. 2013) ................................................................. 10

*Guar. Tr. Co. of N.Y. v. York*,
    326 U.S. 99 (1945) ...................................................................... 21, 22, 23

*Guidotti v. Legal Helpers Debt Resolution, L.L.C.*,
    716 F.3d 764 (3d Cir. 2013) ............................................................. passim

*Hahnemann Univ. Hosp. v. Edgar*,
    74 F.3d 456 (3d Cir. 1996) ..................................................................... 12

*Hamrick v. Partsfleet, LLC*,
    1 F.4th 1337 (11th Cir. 2021) ................................................................. 10

*Harper v. Amazon.com Servs., Inc.*,
    12 F.4th 287 (3d Cir. 2021) ............................................................. passim

*Healy v. Ratta*,
    292 U.S. 263 (1934) ................................................................................ 11

*Holmberg v. Armbrecht*,
    327 U.S. 392 (1946) ................................................................................ 23

*In re Baldwin*,
    700 F.3d 122 (3d Cir. 2012) ........................................................... 1, 5, 12

*In re Briscoe*,
    448 F.3d 201 (3d Cir.2006) .............................................................. passim

*In re Chimenti*,
    79 F.3d 534 (6th Cir.1996) ..................................................................... 12

*In re Citizens Bank, N.A.*,
    15 F.4th 607 (3d Cir. 2021) .................................................................... 17

*In re Diet Drugs Prods. Liab. Litig.*,
    418 F.3d 372 (3d Cir. 2005) ................................................................... 13

*In re Pressman-Gutman Co., Inc.*,
    459 F.3d 383 (3d Cir. 2006) ................................................................... 13

*In re Robinson*,
    No. 23-2056, 2023 WL 4532778 (3d Cir. July 13, 2023) ........................ 13

*In re Sch. Asbestos Litig.*,
    977 F.2d 764 (3d Cir.1992) ..................................................................... 12

*John Wyeth & Bro. Ltd. v. CIGNA Int'l Corp.*,
    119 F.3d 1070 (3d Cir. 1997) ................................................................. 19

*Kaneff v. Del. Title Loans, Inc.*,
    587 F.3d 616 (3d Cir.2009) ............................................................... 14, 15

*Klepper v. SLI, Inc.*,
    45 F. App'x 136 (3d Cir. 2002) .............................................................. 11

*Kost v. Kozakiewicz*,
    1 F.3d 176 (3d Cir. 1993) ....................................................................... 18

*Levinson v. Deupree*,
  345 U.S. 648 (1953) ................................................................................. 23

*Loc. 19, Warehouse, Processing & Distributive Workers Union v. Buckeye Cotton Oil Co.*,
  236 F.2d 776 (6th Cir. 1956) .............................................................. 22, 23

*Loc. 205, United Elec., Radio & Mach. Workers of Am. (UE) v. Gen. Elec. Co.*,
  233 F.2d 85 (1st Cir. 1956) ................................................................. 22, 23

*Madden v. Myers*,
  102 F.3d 74 (3d Cir. 1996) ....................................................................... 13

*Madol v. Dan Nelson Auto. Grp.*,
  372 F.3d 997 (8th Cir. 2004) ................................................................... 10

*Mayer v. Belichick*,
  605 F.3d 223 (3d Cir.2010) ............................................................... 14, 15

*McGovern v. City of Phila.*,
  554 F.3d 114 (3d Cir.2009) ........................................................................ 5

*New Prime, Inc., v. Oliveira*,
  139 S.Ct. 532 (2019) .......................................................................... 4, 16

*New Rock Asset Partners, L.P. v. Preferred Entity Advancements, Inc.*,
  101 F.3d 1492 (3d Cir. 1996) ................................................................... 11

*Oracare DPO, Inc. v. Merin*,
  972 F.2d 519 (3d Cir. 1992) ..................................................................... 13

*Palcko v. Airborne Express, Inc.*,
  372 F.3d 588 (3d Cir.2004) ............................................................... 14, 20

*Par-Knit Mills, Inc. v. Stockbridge Fabrics Co.*,
  636 F.2d 51 (3d Cir. 1980) ....................................................................... 14

*Pre-Paid Legal Servs., Inc. v. Cahill*,
  786 F.3d 1287 (10th Cir. 2015) ............................................................... 10

*Prudential Ins. Co. of Am. v. U.S. Gypsum Co.*,
  991 F.2d 1080 ........................................................................................... 12

*Quilloin v. Tenet HealthSystem Phila., Inc.*,
  673 F.3d 221 (3d Cir. 2012) ................................................................. 9, 10

*Sandvik v. Advent Int'l Corp.*,
  220 F.3d 99 (3d Cir.2000) ..................................................................... 5, 9

*Shell Petroleum, Inc. v. United States*,
  182 F.3d 212 (3d Cir. 1999) ..................................................................... 19

*Simmons v. City of Philadelphia*,
  947 F.2d 1042 (3d Cir.1991) .................................................................... 18

*Singh v. Uber Techs. Inc.*,
  939 F.3d 210 (3d Cir. 2019) ............................................................... 15, 17

*Singh v. Uber Techs., Inc.*,
  67 F.4th 550 (3d Cir. 2023) ............................................................... 16, 17

*Somerset Consulting, LLC v. United Capital Lenders, LLC,*
   832 F.Supp.2d 474 (E.D.Pa.2011) ............................................................ 6, 15

*Sproull v. Golden Gate Nat. Sr. Care, LLC,*
   No. 2:08-CV-1107, 2010 WL 339858 (W.D. Pa. Jan. 22, 2010).................. 19

*Sw. Airlines Co. v. Saxon,*
   142 S. Ct. 1783 (2022) ............................................................................ 16

*Taylor v. HD & Assocs., L.L.C.,*
   45 F.4th 833 (5th Cir. 2022)..................................................................... 16

*Taylor v. Pilot Corp.,*
   955 F.3d 572 (6th Cir. 2020)................................................................... 1, 9

*Travellers Int'l AG v. Robinson,*
   982 F.2d 96 (3d Cir. 1992) ...................................................................... 12

*United Paperworkers International Union v. Misco, Inc.,*
   484 U.S. 29 (1987) ................................................................................. 22

*Van Dusen v. Swift Transportation Co. Inc.,*
   830 F.3d 893 (9th Cir. 2016) ................................................................. 1, 9

Statutes

9 U.S.C. § 1.........................................................................................1, 16, 17
9 U.S.C. § 3....................................................................................... 2, 11
9 U.S.C. § 16.......................................................................................8, 9
9 U.S.C. § 16(a) ....................................................................................... 9
9 U.S.C. § 16(a)(1)................................................................................ 1, 8
9 U.S.C. § 16(a)(1)(A)............................................................2, 6, 8, 10
9 U.S.C. § 16(a)(1)(B)........................................................................ 2, 6
28 U.S.C. § 1291 ................................................................................. 6, 8
28 U.S.C. § 1292 .................................................................................. 12
28 U.S.C. § 1292(b)............................................................................... 12
28 U.S.C. § 1331 .................................................................................... 1

Rules

Fed. R. Civ. P. 12.................................................................................... 3
Fed. R. Civ. P. 56(a) .............................................................................. 14

## <u>STATEMENT OF JURISDICTION</u>

The district court had jurisdiction of the underlying matter pursuant to 28 U.S.C. § 1331 because Plaintiffs' claims present a federal question under the Fair Labor Standards Act (FLSA). But this Court lacks jurisdiction.

System One says "[t]his Court has jurisdiction … pursuant to 9 U.S.C. § 16(a)(1) because the [district court's] Order[s] constituted an order 'refusing a stay of an action under section 3' and/or 'denying a petition under section 4' of the Federal Arbitration Act (FAA)." System One's Br. at 1 (citing 9 U.S.C. § 1 *et seq*.). System One is wrong. As more fully set out in Plaintiffs' argument, the district court did not refuse a stay or deny System One's motion to compel arbitration. Thus, this Court does not have jurisdiction over the district court's orders. *See, e.g., Taylor v. Pilot Corp.,* 955 F.3d 572, 576, 578 (6th Cir. 2020); *Van Dusen v. Swift Transportation Co. Inc*., 830 F.3d 893, 899 (9th Cir. 2016).

System One also says this Court should "consider the appeal as a Petition for Writ of Mandamus" if it finds it doesn't have jurisdiction.  System One's Br. at 1. It should not. System One can't "establish both that there is (1) no other adequate means to attain the relief sought, and (2) a right to the writ that is clear and indisputable." *In re Baldwin,* 700 F.3d 122, 127 (3d Cir. 2012) (cleaned up); *see also In re Briscoe,* 448 F.3d 201, 212 (3d Cir.2006).

## <u>STATEMENT OF THE ISSUES</u>

1.      Does this Court have jurisdiction under 9 U.S.C. § 16(a)(1)(B) even though the district court didn't deny System One's motion to compel arbitration?

2.      Does this Court have jurisdiction under 9 U.S.C. § 16(a)(1)(A) even though the district court didn't refuse to order a stay after "being satisfied that the issue involved … is referable to arbitration[?]" 9 U.S.C. § 3.

3.      Is mandamus the only means by which System One can obtain the relief it seeks?

4.      Does System One have a clear and indisputable right to the writ of mandamus it seeks?

5.      Did the district court err by advising the parties it would adjudicate System One's motion to compel arbitration applying a summary judgment standard after the parties had adequate time for discovery?

6.      Did System One waive any argument regarding state-law-enforceability of the arbitration agreement because it failed to adequately raise that issue in its motion?

7.      Are district courts exercising original jurisdiction over federal claims required to determine if state law grounds exist to enforce an arbitration agreement before ordering discovery under *Guidotti v. Legal Helpers Debt Resolution, L.L.C.*, 716 F.3d 764, 776 (3d Cir. 2013)?

## STATEMENT OF THE CASE

"Plaintiffs worked for System One as Inspectors." JA016 ¶ 2. Their "duties included inspecting interstate pipelines to ensure the safe transportation of oil and gas in interstate commerce." *Id.* ¶ 3. As pipeline inspectors, Plaintiffs worked directly on an instrumentality of interstate commerce. JA089-090 ¶¶ 2-11; JA091-092 ¶¶ 2-11; JA018-021 ¶¶ 28-51; *see also* WDPA ECF Docs. 24-3, 24-4, 24-5, 24-6, 24-7, 24-8, 24-9. Pipeline inspectors work directly on pipelines ensuring pipelines transporting oil and gas operate safely and efficiently. *See* JA089-090 ¶¶ 2-11; JA091-092 ¶¶ 2-11; JA018-021 ¶¶ 28-51; *see also* WDPA ECF Docs. 24-3, 24-4, 24-5, 24-6, 24-7, 24-8, 24-9.

Plaintiffs regularly worked more than forty hours each week but System One didn't pay them overtime. JA016 ¶¶ 4-5. "Instead … System One paid Plaintiffs a day rate without overtime compensation." *Id.* ¶ 6. Plaintiffs filed this suit "to recover the unpaid overtime wages and other damages owed to Plaintiffs and workers similarly situated to Plaintiffs." *Id.* ¶ 8. They allege System One's day-rate compensation scheme violates the FLSA. *See id.* ¶¶ 52-77.

System One moved to compel Plaintiffs to arbitrate their claims. JA031-071. It said "[t]he Court should dismiss the Amended Complaint and order Plaintiffs to individually arbitrate their claims pursuant to the FAA." JA039; *see also* JA035 ("Pursuant to Federal Rule of Civil Procedure 12 and the [FAA]…"); JA039-042 ("The FAA Applies To Plaintiffs' Agreement."); JA041 ("The FAA indisputably governs the arbitration provisions of Plaintiffs' Agreements."); JA042-047 ("The Agreement Is

Valid And Must Be Enforced Under the FAA."). Plaintiffs responded "with additional facts" and evidence that they "are transportation workers and can't be compelled to arbitrate." JA072 (citing *New Prime, Inc., v. Oliveira,* 139 S.Ct. 532, 534 (2019)); *see also Guidotti*, 716 F.3d at 776. The district court has not yet ruled on System One's motion. *See* JA003-005. That's because it found that Plaintiffs responded to System One's motion "with additional facts sufficient to place the Agreements to Arbitrate in issue." JA004 (citing *Guidotti*, 716 F.3d at 776). Further, "because pursuant to *Guidotti, supra.,* the parties are 'entitled to discovery on the question of arbitrability,' the Court [] grant[ed] the parties a 30-day period to engage in discovery, limited solely to the issue of the arbitrability of Plaintiffs' FLSA claims." JA004-005. The district court said it would "promptly decide [System One's motion] under 'a summary judgment standard,' as set forth in *Guidotti,* 716 F.3d at 776" after the parties completed the targeted discovery and submitted supplemental briefs. JA005.

System One moved the district court to reconsider. JA095-097. The district court denied System One's motion to reconsider. JA006-010. System One appealed both of the district court's orders: (1) Order RE: Defendant's Motion to Dismiss or, Alternatively, to Compel Arbitration and Stay Further Judicial Proceedings, JA003-005; and (2) Memorandum Order Denying Defendant's Motion for Reconsideration of the Court's February 11, 2022 Discovery Order, JA006-010.

## STANDARD OF REVIEW

If the Court finds it has jurisdiction over System One's appeal (and it does not), its "review of all legal issues is plenary." *Sandvik v. Advent Int'l Corp.,* 220 F.3d 99, 102 (3d Cir.2000). It must "accept[] all factual allegations as true and construing the complaint in the light most favorable to the plaintiff[.]" *Guidotti*, 716 F.3d at 772 (citing *McGovern v. City of Phila.,* 554 F.3d 114, 115 (3d Cir.2009)). System One's motion can only be granted if the Court "determine[s] that the plaintiff is not entitled to relief under any reasonable reading of the complaint." *Id.*

"To obtain mandamus relief, '[System One] must establish both that there is (1) 'no other adequate means' to attain the relief sought, and (2) a right to the writ that is 'clear and indisputable.'" *In re Baldwin,* 700 F.3d at 127 (quoting *In re Briscoe,* 448 F.3d at 212 & *Cheney v. U.S. Dist. Court,* 542 U.S. 367, 380–81 (2004).

## <u>SUMMARY OF THE ARGUMENT</u>

The Court does not have jurisdiction over System One's appeal. System One appeals two orders: the district court's (1) Order RE: Defendant's Motion to Dismiss or, Alternatively, to Compel Arbitration and Stay Further Judicial Proceedings, JA003-005; and (2) Memorandum Order Denying Defendant's Motion for Reconsideration of the Court's February 11, 2022 Discovery Order, JA006-010. The orders are not final under 28 U.S.C. § 1291. They are not orders refusing to stay a case the District Court found to be referrable to arbitration under 9 U.S.C. § 16(a)(1)(A). Nor are they orders denying a motion to compel arbitration under 9 U.S.C. § 16(a)(1)(B).

The district court **did not deny** System One's motion to compel arbitration in any form or fashion. To the contrary, it expressly stated it would not rule on the arbitration issue until after the parties conducted arbitrability discovery. JA003-005. When the summary judgment standard is applied to a motion to compel arbitration, "the parties should be entitled to discovery on the question of arbitrability before a court entertains further briefing on [the] question." *Guidotti*, 716 F.3d at 776 (quoting *Somerset Consulting, LLC v. United Capital Lenders, LLC,* 832 F.Supp.2d 474, 482 (E.D.Pa.2011)). Here, the district court must apply the summary judgment standard because Plaintiffs "responded to [System One's] motion … with additional facts sufficient to place the agreement to arbitrate in issue." *Id.* The Court confirmed this is how courts should handle motions to compel arbitration in *Harper v. Amazon.com Servs., Inc.,* 12 F.4th 287, 293 (3d Cir. 2021). Otherwise, *Harper* doesn't affect this case.

6

The district court wasn't required to determine if the arbitration agreements could be enforced under state law before ordering discovery. System One waived any argument regarding state-law enforceability because it didn't adequately include that argument in its motion. *See* JA031-071. But even if it wasn't waived, the Court was clear that determining state-law enforceability before discovery is only required because it "respects the balance of authority between the several States and the United States and requires federal courts **sitting in diversity** to decide state law claims, including state arbitrability, even where the [FAA] may apply." *Harper,* 12 F.4th at 291. So *Harper*'s holding regarding state-law-enforceability of arbitration agreements doesn't apply to courts like the district court here with original jurisdiction over federal claims (i.e. not sitting in diversity or exercising supplemental jurisdiction over a state law claim).

In short, the Court should hold it does not have jurisdiction over System One's appeal. It should also summarily deny System One's last-minute petition for a writ of mandamus because System One didn't ask the district court to certify the issue for interlocutory appeal. *See In re Briscoe,* 448 F.3d at 213 n.7 ("Where interlocutory appeal seems a practical but untried avenue, [the Court] will ordinarily deny a petition for mandamus."). If the Court reaches the merits, it should affirm the district court's order (and deny System One's mandamus petition) because the district court did not err.

# <u>ARGUMENT</u>

## A.    THE COURT DOESN'T HAVE JURISDICTION OVER SYSTEM ONE'S APPEAL.

"In the ordinary course, [this Court] possess[es] jurisdiction over only 'final decisions of the district courts of the United States.'" *Devon Robotics, LLC v. DeViedma*, 798 F.3d 136, 141 (3d Cir. 2015) (quoting 28 U.S.C. § 1291). "The FAA, however, provides for appellate jurisdiction of certain categories of interlocutory orders[.]" *Id.* (cite omitted); *see also* 9 U.S.C. § 16(a)(1). None of those categories apply here.

System One says this Court has jurisdiction pursuant to 9 U.S.C. §§ 16(a)(1)(A) & B because the district court (1) "refus[ed] a stay of an action under section 3 of [the FAA];" or (2) "den[ied] a petition under section 4 of [the FAA] to order arbitration to proceed." System One's Br. at 9. The district court did neither. It has yet to rule on System One's motion. *See* JA005 ("Thereafter, the Court will promptly decide [System One's motion]."). The only thing the district court has done is give the parties 30 days "to engage in discovery, **limited solely to the issue of … arbitrability**" and an opportunity to "**supplement** their positions … with a brief." JA004-005 (emphasis added). System One won't have to file a new motion because the first one hasn't been adjudicated yet. "[T]he [district court] will adjudicate" System One's motion after the parties submit their supplemental briefs—if they choose to do so. JA005.

System One says this Court has jurisdiction "[e]ven [though] [the] district court [did] not explicitly 'deny' [its] motion to compel arbitration" because the district court's order "'*effectively* … refuse[d] a stay' pursuant to 9 U.S.C. § 16." System One's Br. at 10.

But "appellate jurisdiction under 9 U.S.C. § 16(a) is confined to the types of orders that are specified in the statute." *Van Dusen,* 830 F.3d at 899. "There is no 'effective denial' principle through which a litigant can bootstrap its way into appellate jurisdiction." *Id.* "An actual order denying a petition to compel arbitration [or refusing a stay despite "being satisfied that the issue … is referable to arbitration"] is required when a party invokes 9 U.S.C. § 16[.]" *Id.*; *Taylor*, 955 F.3d at 578 (collecting cases demonstrating that "an order that incidentally delays a motion to compel arbitration" is not appealable as an order denying arbitration).

Even the cases cited by System One don't support that conclusion. It's true this Court "may exercise appellate jurisdiction over [orders denying motions to compel arbitration] regardless of finality." *Bacon v. Avis Budget Grp., Inc.,* 959 F.3d 590, 599 (3d Cir. 2020) (citing *Sandvik,* 220 F.3d at 103). "The FAA 'makes no distinction between orders denying arbitration and 'final orders' that accomplish the same end.'" *Id.* (quoting *Sandvik,* 220 F.3d at 102). But that's just to say this Court has "jurisdiction over orders refusing to compel arbitration 'irrespective of the fact that the [motion] was denied without prejudice,' *Quilloin v. Tenet HealthSystem Phila., Inc.,* 673 F.3d 221, 228 (3d Cir. 2012), as well as orders entered where the 'district court does not feel itself ready to make a definitive decision on whether to order arbitration **and therefore denies** a motion to compel,' *Sandvik,* 220 F.3d at 103." *Id.* (emphasis added).

But the district court must **actually deny** the motion to compel arbitration. *See, e.g., Bacon,* 959 F.3d at 598 ("The District Court denied the motions…"); *Sandvik,* 220

F.3d at 100 ("The District Court denied the motion to compel[.]"); *Quilloin,* 673 F.3d at 224–25 (Defendants "appeal[ed] from the District Court's denial without prejudice of its motion to compel arbitration."); *Grosvenor v. Qwest Corp.,* 733 F.3d 990, 995 (10th Cir. 2013) ("[T]he order being appealed from denied a motion to dismiss[.]"); *Am. Neighborhood Mortg. Acceptance Co., LLC v. CrossCountry Mortg., Inc.,* No. 20-3324, 2021 WL 4705231, at *2 (3d Cir. Oct. 8, 2021) (dismissal of a motion to compel arbitration as moot is "in effect" the same as denying the motion). Nor can System One establish jurisdiction by arguing the order for discovery "effectively denied" the motion to compel jurisdiction under state law because the FAA does not authorize an interlocutory appeal for such decisions. *Hamrick v. Partsfleet, LLC,* 1 F.4th 1337, 1353–54 (11th Cir. 2021) ("Under any formulation of the pendent appellate jurisdiction test—ours or the Third Circuit's—we do not have jurisdiction to review the part of the district court's order denying the motion to compel arbitration under state law.").

In the same way, this Court doesn't have jurisdiction unless the district court actually "refus[es] a stay of any action under section 3 of [the FAA]." 9 U.S.C. § 16(a)(1)(A). *See, e.g., Pre-Paid Legal Servs., Inc. v. Cahill,* 786 F.3d 1287, 1290 (10th Cir. 2015) (Defendant "appeal[ed] the district court's order … lifting [a] stay" that had been previously granted.); *Corpman v. Prudential-Bache Sec., Inc.,* 907 F.2d 29, 30 (3d Cir. 1990) (same); *Madol v. Dan Nelson Auto. Grp.,* 372 F.3d 997, 999 (8th Cir. 2004) ("[T]he district court's order … 'reject[ed] the conclusion of the magistrate judge's Order' compelling

arbitration and staying proceedings[.]"). But where, as here, the district court asks for supplemental briefing after limited discovery, this Court doesn't have jurisdiction.

This Court hit the nail on the head in *Klepper v. SLI, Inc.,* 45 F. App'x 136, 138 (3d Cir. 2002). In that case, the Court analyzed whether an order "refus[ed] to stay an action pending arbitration pursuant to FAA 9 U.S.C. § 3." *Id.* The Court distinguished between allowing discovery "on all pending issues" and discovery limited to the issue of arbitrability. *Id.* The Court said "it appears the district judge may have permitted the litigation to proceed without a prior ruling on the arbitrability issue. Or she may have simply wanted the parties to develop a record on the arbitrability of the stock option claims." *Id.* The Court held it had jurisdiction because it was "not certain" whether the discovery authorized by the district court was limited. *Id.* Here, there is no question the district court "limited [discovery] solely to the issue of the arbitrability of Plaintiffs' FLSA claims in their First Amended Complaint." JA004-005.

"Because of the limited and defined nature of the jurisdiction of the federal courts, [the Court is] bound to construe statutes conferring jurisdiction narrowly." *Conrad v. Phone Directories Co.,* 585 F.3d 1376, 1381 (10th Cir.2009); *New Rock Asset Partners, L.P. v. Preferred Entity Advancements, Inc.,* 101 F.3d 1492, 1510 (3d Cir. 1996) (citing *Healy v. Ratta,* 292 U.S. 263, 270 (1934)). Thus, the Court does not have jurisdiction over System One's appeal.

**B. THE COURT SHOULD DENY SYSTEM ONE'S PETITION FOR MANDAMUS BECAUSE IT DIDN'T ASK TO CERTIFY AN INTERLOCUTORY APPEAL.**

System One says if the Court doesn't have jurisdiction, it should review its appeal as a petition for writ of mandamus. *See* System One's Br. at 11-15. "To obtain mandamus relief, the petitioner must establish both that there is (1) no other adequate means to attain the relief sought, and (2) a right to the writ that is clear and indisputable." *In re Baldwin,* 700 F.3d at 127 (cleaned up); *see also In re Briscoe,* 448 F.3d at 212; *Cheney,* 542 U.S. at 380–81).

System One ignores the first prong. *See* System One's Br. at 11-15. That's because it didn't "[seek] permission to file an interlocutory appeal under 28 U.S.C. § 1292[.]" *Bacher v. Allstate Ins. Co.,* 211 F.3d 52, 57 n.1 (3d Cir. 2000). The Court has "expressed a "preference for an explanation in the [mandamus] petition for why interlocutory appeal is not an adequate alternative." *In re Briscoe,* 448 F.3d at 213 n.7 (quoting *In re Sch. Asbestos Litig.,* 977 F.2d 764, 774 (3d Cir.1992); *Prudential Ins. Co. of Am. v. U.S. Gypsum Co.,* 991 F.2d 1080, 1083 n. 4 (3d Cir.1993); *see also In re Chimenti,* 79 F.3d 534, 539 (6th Cir.1996) ("the better practice would have been for the [parties at issue] to try first to obtain permissive interlocutory review under § 1292(b)" before seeking writ of mandamus). "Where interlocutory appeal seems a practical but untried avenue, [the Court] will ordinarily deny a petition for mandamus." *In re Briscoe,* 448 F.3d at 213 n.7 (quoting *In re Sch. Asbestos Litig.,* 977 F.2d at 774); *see also Travellers Int'l AG v. Robinson,* 982 F.2d 96, 98 (3d Cir. 1992); *Hahnemann Univ. Hosp. v. Edgar,* 74 F.3d 456, 461 (3d

Cir. 1996); *In re Pressman-Gutman Co., Inc.,* 459 F.3d 383, 399 n.15 (3d Cir. 2006).

System One offered no explanation for its failure to seek certification of the issue for interlocutory appeal. *See* System One's Br. at 11-15.[1] "A writ of mandamus is a drastic remedy available in only extraordinary circumstances." *In re Robinson,* No. 23-2056, 2023 WL 4532778, at *1 (3d Cir. July 13, 2023) (citing *In re Diet Drugs Prods. Liab. Litig.,* 418 F.3d 372, 378 (3d Cir. 2005)). "Mandamus is not a substitute for an appeal, and 'a writ of mandamus may not issue if a petitioner can obtain relief by appeal.'" *Id.* (quoting *Madden v. Myers,* 102 F.3d 74, 77 (3d Cir. 1996)). Moreover, the Court "[should] not hold that [System One] now lacks adequate alternative means to obtain the relief [it] seeks simply because" it failed to seek permission for an interlocutory appeal. *Oracare DPO, Inc. v. Merin,* 972 F.2d 519, 523 (3d Cir. 1992). "[System One] is not entitled to mandamus relief because [it] has not demonstrated that [it] has no other adequate means to attain relief." *In re Robinson,* 2023 WL 4532778, at *1.[2]

## C.    THE DISTRICT COURT DIDN'T ERR IN ALLOWING LIMITED DISCOVERY.

The Court should stop here because it lacks jurisdiction. But if the Court considers System One's petition for writ of mandamus, the order permitting limited

---

[1] To be sure, it is not "sufficiently clear that the District Court would have refused to certify an interlocutory appeal." *In re Briscoe*, 448 F.3d at 212 n.7; *see* JA003-010. By way of example, the Court found it "sufficiently clear that the District Court would have refused to certify an interlocutory appeal" where "the District Court denied certification in other [similar] cases." *Id.*

[2] More on this later, but System One can't establish the other requirements for mandamus relief either.

discovery should not be reviewed because System One didn't seek mandamus relief on this issue. It only says mandamus is appropriate because the district court should have considered state-law enforceability before authorizing limited discovery. System One's Br. at 12-15. That issue will be discussed in Section D, below. Even so, the district court didn't err because it correctly advised the parties it must apply the summary judgment standard to evaluate System One's motion to compel arbitration after the parties are given adequate time for discovery. *See* JA003-010; *Guidotti*, 716 F.3d at 771-76.

Before *Guidotti*, some of this Court's cases "treat[ed] a motion to compel arbitration as a motion to dismiss" and applied the Rule 12(b)(6) standard "for failure to state a claim upon which relief can be granted." *Guidotti*, 716 F.3d  at 771 (quoting *Palcko v. Airborne Express, Inc.,* 372 F.3d 588, 597 (3d Cir.2004)). Others applied a summary judgment standard. *Id.* (citing *Par-Knit Mills, Inc. v. Stockbridge Fabrics Co.,* 636 F.2d 51, 54 n.9 (3d Cir. 1980) & *Kaneff v. Del. Title Loans, Inc.,* 587 F.3d 616, 620 (3d Cir.2009)). Deciding which standard applies "is of utmost importance because the two standards differ in significant ways." *Id.* at 772. Under the 12(b)(6) standard, courts "consider only the complaint, exhibits attached to the complaint, matters of public record, as well as undisputedly authentic documents if the complainant's claims are based upon these documents[.]" *Id.* (quoting *Mayer v. Belichick,* 605 F.3d 223, 230 (3d Cir.2010)). "Under Rule 56, by contrast, a 'court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.'" *Id.* (quoting Fed.R.Civ.P. 56(a)). "Because

summary judgment can be supported or defeated by citing a developed record, courts **must** give the parties 'adequate time for discovery.'" *Id.* (quoting *Celotex Corp. v. Catrett,* 477 U.S. 317, 322 (1986)) (emphases added).

The Court reconciled its "split pronouncements" holding "a motion to compel arbitration should be considered under a Rule 12(b)(6) standard without discovery's delay" "when it is apparent, based on 'the face of a complaint, and documents relied upon in the complaint,' that certain of a party's claims 'are subject to an enforceable arbitration clause[.]'" *Id.* at 776 (quoting *Somerset,* 832 F.Supp.2d at 482). But the summary judgment standard applies "if the complaint and its supporting documents are unclear regarding the agreement to arbitrate, or if the plaintiff has responded to a motion to compel arbitration with additional facts sufficient to place the agreement to arbitrate in issue." *Id.* And under the summary judgment standard, "the parties should be entitled to discovery on the question of arbitrability before a court entertains further briefing on [the] question." *Id.* (quoting *Somerset,* 832 F.Supp.2d at 482).

Here, "[P]laintiff[s] … responded to [System One's] motion to compel arbitration with additional facts sufficient to place the agreement to arbitrate in issue." *Id.* In other words, "the scope of the class of workers at issue cannot be determined by examining the nature of the work performed by the class, and by comparison to the rail and sea industries specified by Congress[.]" *Harper,* 12 F.4th at 293. So "'limited discovery' 'restricted' to facts about the class of workers [was] ordered." *Id.* (citing *Singh v. Uber Techs. Inc.,* 939 F.3d 210, 218-19 (3d Cir. 2019)).

15

Arbitration can't be compelled in disputes involving "contracts of employment of seamen, railroad employees, or any other class of workers engaged in foreign or interstate commerce." 9 U.S.C. § 1. As pipeline inspectors, Plaintiffs worked directly on an instrumentality of interstate commerce. JA089-090 ¶¶ 2-11; JA091-092 ¶¶ 2-11; JA018-021 ¶¶ 28-51; *see also* WDPA ECF Docs. 24-3, 24-4, 24-5, 24-6, 24-7, 24-8, 24-9. Pipeline inspectors work directly on pipelines ensuring pipelines transporting oil and gas operate safely and efficiently. *See* JA089-090 ¶¶ 2-11; JA091-092 ¶¶ 2-11; JA018-021 ¶¶ 28-51; *see also* WDPA ECF Docs. 24-3, 24-4, 24-5, 24-6, 24-7, 24-8, 24-9. Thus, Plaintiffs are transportation workers and can't be compelled to arbitrate. *New Prime*, 139 S.Ct. at 537-38; *cf. Taylor v. HD & Assocs., L.L.C.*, 45 F.4th 833, 838 (5th Cir. 2022).

The question is whether "[Plaintiffs] fall[] within a 'class of workers engaged in foreign or interstate commerce.'" *Sw. Airlines Co. v. Saxon,* 142 S. Ct. 1783, 1788 (2022) (quoting 9 U.S.C. § 1). To answer that question, "the Supreme Court has repeatedly emphasized the [FAA's] use of the term 'workers.'" *Singh v. Uber Techs., Inc.,* 67 F.4th 550, 556 (3d Cir. 2023) (citing *Saxon,* 142 S. Ct. at 1788 & *New Prime,* 139 S. Ct. at 540-41). "This word 'directs the interpreter's attention to 'the *performance* of work,' and, when coupled with the word 'engaged,' 'emphasizes the actual work that the members of the class, as a whole, typically carry out.'" *Id.* (quoting *Saxon,* 142 S. Ct. at 1788). "This work must be defined specifically." *Id.*

That requires discovery. Only "[a]fter defining the proper scope of the class at issue" can the court "consider what it means for a class of workers to be 'engaged in

interstate commerce' for purposes of § 1." *Id.* at 557. Thus, the district court correctly advised the parties it would evaluate System One's motion to compel arbitration under a summary judgment standard after the parties conducted targeted "discovery, limited solely to the issue of … arbitrability." JA004-005.

### D. THE DISTRICT COURT WASN'T REQUIRED TO CONSIDER WHETHER THE ARBITRATION AGREEMENT WAS ENFORCEABLE UNDER STATE LAW.

In *Harper*, the Court reiterated its holding in *Guidotti* that some "motion[s] to compel arbitration should be considered under a Rule 12(b)(6) standard without discovery's delay" and others require "'limited discovery' 'restricted' to facts about the class of workers[.]" *Harper*, 12 F.4th at 293 (citing *Guidotti*, 716 F.3d at 776 & *Singh*, 939 F.3d at 218–19). *Harper* also said courts must determine if "state law grounds exist that would enforce arbitration even if the FAA does not apply" before "ordering discovery" "under *Guidotti*." *Id.* at 293-94. But that doesn't apply to cases (like this one) where jurisdiction is based solely on a federal question. *See id.* at 295 ("More importantly, it is what federalism requires of a federal court sitting in diversity jurisdiction on a state law claim."). Thus, the district court didn't err by ordering discovery under *Guidotti* without first determining if the arbitration agreement could be enforced under state law.

It should also be noted that if the Court evaluates this issue under a mandamus standard, System One "must show that the district court clearly and indisputably erred[.]" *In re Citizens Bank, N.A.*, 15 F.4th 607, 616 (3d Cir. 2021). Regardless of the standard applied, the district court didn't err because (1) System One waived the issue;

and (2) state-law enforceability doesn't apply to this original jurisdiction case.

### 1.    System One waived any argument state law mandates arbitration.

System One waived any argument the arbitration agreement should be enforced under state law because it failed to adequately raise that issue in its motion. *See* JA031-051. The body of System One's brief in support of its motion to compel arbitration focused solely on the FAA, casually mentioning state law only in footnotes. *See* JA035-051. But a footnote is "generally not an appropriate means to address an argument before the Court." *Futrell v. Southeastrans, Inc.,* 2021 WL 2547660, at *4 (N.D. Ga. Apr. 1, 2021), *adopted,* 2021 WL 2548697 (N.D. Ga. Apr. 22, 2021). "It is … well settled … that casual mention of an issue in a brief is cursory treatment insufficient to preserve the issue on appeal." *Kost v. Kozakiewicz,* 1 F.3d 176, 182 (3d Cir. 1993) (citing *Simmons v. City of Philadelphia,* 947 F.2d 1042, 1065 (3d Cir.1991)). System One "never articulate[d] or argue[d] anywhere in that brief the necessary contention that the district court" should compel arbitration under state law if the FAA doesn't apply. *Id.* The Court should "therefore conclude [System One] abandoned and waived this issue on appeal." *Id.* Moreover, System One said the "FAA indisputably governs the arbitration provisions of Plaintiffs' Agreements." JA041. It did not claim the FAA *and* the PUAA governs the agreements. Nor do the agreements mention the PUAA. JA055-071.

"To preserve a matter for appellate review, a party 'must unequivocally put its position before the trial court at a point and in a manner that permits the court to consider its merits.'" *Garza v. Citigroup Inc.,* 881 F.3d 277, 284 (3d Cir. 2018) (quoting

*Shell Petroleum, Inc. v. United States,* 182 F.3d 212, 218 (3d Cir. 1999)). "It is well established that arguments not raised before the District Court are waived on appeal." *Id.* (quoting *DIRECTV, Inc. v. Seijas,* 508 F.3d 123, 125 n.1 (3d Cir. 2007); *John Wyeth & Bro. Ltd. v. CIGNA Int'l Corp.,* 119 F.3d 1070, 1076 n.6 (3d Cir. 1997) ("arguments raised in passing (such as, in a footnote), but not squarely argued, are considered waived")).

Thus, System One waived any argument the arbitration agreement should be enforced under state law. That issue was already waived when System One tried to raise it in its reply brief. *See* WDPA ECF Doc. 25; *see also Sproull v. Golden Gate Nat. Sr. Care, LLC,* No. 2:08-CV-1107, 2010 WL 339858, at *3 (W.D. Pa. Jan. 22, 2010) ("[T]he reply brief generally cannot be used to expand the issues presented for adjudication beyond those raised in the moving papers."). Since state-law enforceability was "not squarely argued" in its motion, it was waived. *John Wyeth,* 119 F.3d at 1076 n.6.

### 2. Even if the argument was not waived, state-law enforceability doesn't apply to this original jurisdiction case.

Even if System One hadn't waived state-law enforceability (and it has), *Harper*'s requirement that the court must evaluate state-law enforceability before allowing *Guidotti* discovery doesn't apply to this case because courts with original jurisdiction over federal claims cannot compel arbitration under state law.

In *Harper*, the Court held a federal court **sitting in diversity** must first address the enforceability of an arbitration agreement under state law before ordering discovery when state law grounds exist that would enforce arbitration even if the FAA does not

apply. *Harper,* 12 F.4th at 293-94. But that holding only applies to "federal courts sitting in diversity" or exercising supplemental jurisdiction over a state law claim. *Id.* at 291 ("This inquiry, as we hold today, respects the balance of authority between the several States and the United States and requires federal courts sitting in diversity to decide state law claims, including state arbitrability, even where the [FAA] may apply."); *see also Palcko,* 372 F.3d at 594 & 598 (holding exemption from the FAA as a transportation worker does not preempt enforcement of an arbitration agreement under state law where the district court **exercised supplemental jurisdiction over a state law cause of action**.). "[F]ederalism requires … a federal court **sitting in diversity jurisdiction [or exercising supplemental jurisdiction]** on a state law claim" to "fully consider [whether] arbitration under state law grounds is appropriate." *Harper,* 12 F.4th at 295 (emphasis added). But the same does not apply when there are no state law claims, and a federal court is exercising original jurisdiction over federal claims. JA017 ¶ 9.

In fact, original jurisdiction prohibits compelling arbitration under state law. Historical decisions involving arbitration confirm this. The Ninth Circuit was the first (shortly after Congress passed the FAA) to address the question of whether a federal district court could compel arbitration under a state arbitration statute. *See California Prune & Apricot Growers' Ass'n v. Catz Am. Co.,* 60 F.2d 788, 793 (9th Cir. 1932). In *California Prune,* the Court refused to apply a state arbitration statute where the FAA was found inapplicable because state arbitration statutes were not considered to be substantive laws. *Id.* at 790; *see also Allied-Bruce Terminix Companies, Inc. v. Dobson,* 513 U.S.

265, 288 (1995) (Thomas, J., dissenting) ("federal courts did not apply the state arbitration statutes because the statutes were not considered *substantive* laws.") (citing *California Prune,* 60 F.2d at 790). Instead, the state arbitration statutes were considered procedural laws. *Id.* at 289. "In short, state arbitration statutes prescribe[] rules for the state courts, and the FAA prescribed rules for the federal courts." *Id.*

*California Prune* was a diversity case. *California Prune,* 60 F.2d at 789. Even at that time (before *Erie R. Co. v. Tompkins,* 304 U.S. 64 (1938)), it was understood that a "federal court[] sitting in diversity [must] apply state substantive law and federal procedural law." *Falo v. Travelers Pers. Ins. Co.,* No. 17CV0143, 2017 WL 2224843, at *8 (W.D. Pa. May 22, 2017) (citing *Gasperini v. Center for Humanities,* Inc., 518 U.S. 415, 427 (1996); *Erie,* 304 U.S. at 78). Federal courts sitting in diversity apply state substantive law and federal procedural law because "Congress does not have the constitutional authority to make the law that is applicable to controversies in **diversity of citizenship** cases." *Bernhardt v. Polygraphic Co. of Am.,* 350 U.S. 198, 202 (1956) (emphasis added).

Twenty years after *Erie* and *California Prune,* the Supreme Court (in *Bernhardt*) said that "**for *Erie* purposes**[3], the question whether a court should [compel arbitration] is

---

[3] "The distinction between 'substance' and 'procedure' acquired new meaning after [*Erie*]." *Allied-Bruce,* 513 U.S. at 291 (citing *Erie,* 304 U.S. 64). "[The Supreme] Court explained in [*Guar. Tr. Co. of N.Y. v. York,* 326 U.S. 99 (1945)], why the categories of 'substance' and 'procedure' are, in relation to the application of the doctrine of [*Erie*], less than self-defining. They are delusive." *Bernhardt,* 350 U.S. at 207 (Frankfurther, J., concurring). "[*Erie*] was not an endeavor to formulate scientific legal terminology." *York,* 326 U.S. at 109. "[T]he intent of that decision was to insure that, in all cases where

one of 'substantive' law." *Allied-Bruce,* 513 U.S. at 291-92 (Thomas, J., dissenting) (emphasis added) (citing *Bernhardt,* 350 U.S. at 203-04). *Bernhardt* also was a diversity case. *Bernhardt,* 350 U.S. at 199. So after *Bernhardt*, "a provision of a contract providing for arbitration is enforceable **in a diversity case**" "apart from [the FAA]." *Id.* at 202 (emphasis added). But that still applies only to courts sitting in diversity or exercising supplemental jurisdiction over a state law claim.

Not long after *Bernhardt*, the First and Sixth Circuits confirmed the Supreme Court's reasoning in *Bernhardt* doesn't apply **when jurisdiction is not based on a state-law claim**. *Loc. 205, United Elec., Radio & Mach. Workers of Am. (UE) v. Gen. Elec. Co.,* 233 F.2d 85, 94–95 (1st Cir. 1956); *Loc. 19, Warehouse, Processing & Distributive Workers Union v. Buckeye Cotton Oil Co.,* 236 F.2d 776 (6th Cir. 1956), *abrogated on other grounds by United Paperworkers International Union v. Misco, Inc.,* 484 U.S. 29 (1987). In deciding whether Tennessee law could be used to enforce an arbitration agreement, the Sixth Circuit held because "diversity of citizenship does not exist, we think the state law does not necessarily apply." *Buckeye Cotton,* 236 F.2d at 780. It reasoned "[t]he decisions in [*Bernhardt*], strongly relied on by defendant, and [*York,* 326 U.S. 99], upon which the Bernhardt case is based, are **each squarely grounded upon the fact that a diversity case is presented**." *Id.* (emphasis added). In fact, the Supreme Court "pointed out with

---

a federal court is exercising jurisdiction **solely because of the diversity of citizenship** of the parties, the outcome of the litigation in the federal court should be substantially the same, so far as legal rules determine the outcome of a litigation, as it would be if tried in a State court." *Id.* (emphasis added).

almost wearisome reiteration" "that [it was] concerned solely with State-created rights." *Holmberg v. Armbrecht,* 327 U.S. 392, 394 (1946). "For purposes of diversity suits a Federal court is, in effect, 'only another court of the State.'" *Id.* (citing *York,* 326 U.S. at 108). In contrast, "[t]he considerations that urge adjudication by the same law in all courts within a State when enforcing a right created by that State are hardly relevant for determining the rules which bar enforcement of an equitable right created not by a State legislature but by Congress." *Id.*[4]

This is precisely why the First and Sixth Circuits held *Bernhardt* doesn't apply absent a state-law claim. *Gen. Elec. Co.,* 233 F.2d at 95 ("the *Bernhardt* case has no bearing on a suit under § 301 … [because] … jurisdiction in a § 301 case is not based upon diversity of citizenship."); *Buckeye Cotton,* 236 F.2d at 777 & 780 (cleaned up) (the complaint was "filed under Section 301 of the Labor Management Relations Act" so the district court's "jurisdiction [was] derived from Article III of the United States Constitution, which gives the courts of the United States jurisdiction in cases in Law and Equity, arising under * * * the Laws of the United States * * *.").

In sum, state arbitration statutes can **only** be enforced by federal courts **sitting in diversity** or **exercising supplemental jurisdiction over a state law claim**. So the district court, with original jurisdiction over federal claims, could not compel arbitration

---

[4] Similarly, "[t]he Supreme Court pointed out [in *Levinson v. Deupree,* 345 U.S. 648, 651 (1953)] that the [district court's] jurisdiction [ ] in that case did not derive from diversity of citizenship" so "[*Erie*] is irrelevant." *Buckeye Cotton,* 236 F.2d at 780.

under state law. Thus, it did not err by allowing limited discovery on the issue of arbitrability before determining whether the arbitration agreement could be enforced under state law.

## CONCLUSION

For these reasons, the Court should (1) hold it does not have jurisdiction over System One's appeal; and (2) summarily deny System One's last-minute petition for writ of mandamus. If the Court reaches the merits, it should affirm the district court's order (and deny System One's mandamus petition) because the district court didn't err.

Respectfully Submitted,

By: /s/ Lindsay Itkin Reimer

**Lindsay Itkin Reimer**
Texas State Bar No. 24068647
**Andrew W. Dunlap**
Texas State Bar No. 24078444
**JOSEPHSON DUNLAP, LLP**
11 Greenway Plaza, Suite 3050
Houston, Texas 77046
Tel: (713) 352-1100
Fax: (713) 352-3300
adunlap@mybackwages.com
litkin@mybackwages.com

**Richard J. (Rex) Burch**
Texas State Bar No. 24001807
**BRUCKNER BURCH PLLC**
11 Greenway Plaza, Suite 3025
Houston, Texas 77046
Tel: (713) 877-8788
Fax: (713) 877-8065
rburch@brucknerburch.com

Joshua P. Geist
William F. Goodrich
Bianca M. Dinardo
GOODRICH & GEIST
3634 California Avenue
Pittsburgh, Pennsylvania 15212
Tel: (412) 281-1455
Fax: (412) 766-0300
josh@goodrichandgeist.com
bill@goodrichandgeist.com
bianca@goodrichandgeist.com

**Attorneys for Plaintiff-Appellee**

## CERTIFICATE OF BAR MEMBERSHIP, COMPLIANCE WITH TYPE-VOLUME LIMITATION AND TYPEFACE REQUIREMENTS, AND VIRUS CHECK

I, Lindsay Itkin Reimer, counsel for Appellees TOMMY COLEMAN and JASON PERKINS, certify, pursuant to Local Appellate Rule 28.3(d) that I am a member in good standing of the Bar of the Court of Appeals for the Third Circuit. I further certify, pursuant to Federal Rules of Appellate Procedure 32(a)(5)-(7), and Local Appellate Rules 31.1(c) and 32.1(c), that the foregoing brief is proportionately spaced and has a typeface of 14-point Garamond font, a Roman typeface. It contains 6,227 words (not counting those portions excluded from the word count by Rule 32(f)), and that the text of the electronic brief is identical to the text of the paper copies. I further certify, pursuant to Local Appellate Rule 31.1(c), that Webroot has been run on this brief before filing and that no virus was detected.

/s/ Lindsay Itkin Reimer
**Lindsay Itkin Reimer**