# UNITED STATES COURT OF APPEALS
# FOR THE THIRD CIRCUIT

## Case No. 22-1461

### SYSTEM ONE HOLDINGS, LLC,

**Appellant**

v.

### TOMMY COLEMAN, et al.,

**Appellees**

On Appeal from the United States District Court's February 11, 2022 Order
Denying System One Holdings, LLC's Motion to Dismiss and Compel Arbitration

## APPELLANT'S REPLY BRIEF

Robert W. Pritchard, Bar No. 76979
rpritchard@littler.com
Sarah J. Miley, Bar No. 314830
smiley@littler.com
Taylor N. Brailey, Bar No. 324308
tbrailey@littler.com
LITTLER MENDELSON, P.C.
625 Liberty Avenue, 26th Floor
Pittsburgh, Pennsylvania 15222
Telephone: 412.201.7628/7669/7657
Facsimile:  412.774.1957

Attorneys for Appellant
System One Holdings, LLC

# TABLE OF CONTENTS

**PAGE**

I.    INTRODUCTION ..........................................................................................1

II.   ARGUMENT................................................................................................3

    A.    The Court Has Jurisdiction Over System One's Appeal From the District Court's Discovery Order or in the Alternative, May Grant Review of the Appeal as a Petition for Writ of Mandamus. .............................................................................................3

        1.    The Court's Discovery Order Was a Denial of System One's Motion and Appropriate for Appeal.................................3

        2.    The Court Has Pendent Jurisdiction Over the State Law Issues. .........................................................................................6

        3.    The Court May Review System One's Appeal as a Petition for Writ of Mandamus. ..................................................8

    B.    The District Court Erred in Refusing to Grant System One's Motion to Compel Arbitration and Directing the Parties to Conduct Discovery on the Question of Whether Appellees Are Subject to the Transportation Worker Exemption of the FAA. .........10

        1.    The District Court Erred in Refusing to Hold that Appellees Are Not "Transportation Workers" Under § 1 of the FAA. ............................................................................11

        2.    The District Court Erred in Refusing to Consider Whether the Parties' Arbitration Agreement Was Enforceable Under State Law Prior to Ordering Discovery on the Transportation Worker Exemption..............13

III.  CONCLUSION............................................................................................17

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Alexander v. Primerica Holdings, Inc.*,
  10 F.3d 155 (3d Cir. 1993) ................................................................8

*Am. Neighborhood Mortgage Acceptance Co. v. CrossCountry Mortgage, Inc.*,
  No. 20-3324, 2021 WL 4705231 (3d Cir. 2021) ..................................4

*Ario v. Underwriting Members of Syndicate 53 at Lloyds*,
  618 F.3d 277 (3d Cir. 2010) ..............................................................17

*In re Briscoe*,
  448 F.3d 201 (3d Cir. 2006) ..........................................................9, 10

*In re Chimenti*,
  79 F.3d 534 (6th Cir. 1996) ...........................................................9, 10

*Corpman v. Prudential-Bache Sec., Inc.*,
  907 F.2d 29 (3d Cir. 1990) (per curiam) .............................................3

*Garza v. Citigroup Inc.*,
  881 F.3d 277 (3d Cir. 2018) ..............................................................16

*Guidotti v. Legal Helpers Debt Resolution, LLC*,
  716 F.3d 764 (3d Cir. 2013) ...................................................2, 11, 13

*Hamrick v. Partsfleet, LLC*,
  1 F.4th 1337 (11th Cir. 2021) ........................................................7, 8

*Harper v. Amazon.com*,
  No. 3:19-cv-21735-LFW-DEA, at Dkt. 25 (D.N.J. July 28, 2020) .....................4

*Harper v. Amazon.com*,
  12 F.4th 287 (3d Cir. 2021) .......................................................*passim*

*Heavy Industries, Ltd. v. Bombardier Recreational Prods., Inc.*,
  660 F.3d 988 ....................................................................................15

*Koveleskie v. SBC Capital Markets, Inc.*,
   167 F.3d 361 (7th Cir. 1999) ...................................................................5

*Madol v. Dan Nelson Automotive Group*,
   372 F.3d 997 (8th Cir. 2004) ..................................................................5

*Palcko v. Airborne Express, Inc.*,
   372 F.3d 588 (3d Cir. 2004) ...............................................................6, 7

*Roman v. Prince Telecom LLC*,
   Nos. 22-1348 and 22-1349, 2023 WL 3194464 (3d Cir. 2023) ...........4

*Saxon v. Southwest Airlines Co.*,
   No. 19-cv-00403, 2023 WL 2456382 (N.D. Ill. Mar. 10, 2023) .......15

*In re School Asbestos Litigation*,
   977 F.2d 764 (3d Cir. 1992) ...............................................................8, 9

*Singh v. Uber Techs., Inc.*,
   67 F.4th 550 (3d Cir. 2023) (*Singh II*)............................................1, 12

*Southwest Airlines Co. v. Saxon*,
   142 S. Ct. 1783 (2022).........................................................................14

*Suarez-Valdez v. Shearson Lehman/American Express, Inc.*,
   858 F.2d 648 (11th Cir. 1988) ................................................................9

**Statutes**

9 U.S.C. § 16(a)(1)....................................................................................3

28 U.S.C. §§ 1291, 1292….....................................................................8, 10

Section 16(a) of the Federal Arbitration Act, 9 U.S.C. §§ 9, 16(a).................*passim*

Illinois Uniform Arbitration Act............................................................15

Pennsylvania Uniform Arbitration Act....................................2, 7, 14, 16

## I.    INTRODUCTION

In its opening brief, System One explained that this Court has jurisdiction over the District Court's order refusing to grant System One's motion to compel arbitration pursuant to Section 16(a) of the Federal Arbitration Act ("FAA"), 9 U.S.C. § 16(a), because it effectively denied System One's motion and instead compelled the parties to participate in Court-supervised discovery in a forum rejected by the parties' Arbitration Agreements (which Appellants do not deny entering into). Alternatively, System One requested that the Court consider System One's appeal as a petition for writ of mandamus due to the importance of the issues and the clear error of the District Court in failing to follow the Third Circuit's decision in *Harper v. Amazon.com*, 12 F.4th 287 (3d Cir. 2021). On the merits, System One observed that the Third Circuit's decision in *Harper* required the District Court to consider whether the Arbitration Agreements were enforceable under state law before ordering discovery on the FAA's § 1 exemption. Indeed, the District Court should have granted System One's motion under the FAA outright, without ordering discovery, because under the facts alleged by Appellees, they could not be considered "transportation workers" subject to the FAA's § 1 exemption. *See Singh v. Uber Techs., Inc.*, 67 F.4th 550 (3d Cir. 2023) (*Singh II*).

Appellees responded by arguing that the Court lacks jurisdiction over the District Court's order because the order was not an "actual denial" of System One's

motion to compel arbitration, and further that mandamus is inappropriate because System One failed to first pursue an interlocutory appeal. Appellees argue the District Court correctly ordered discovery on the § 1 exemption given the Third Circuit's decision in *Guidotti v. Legal Helpers Debt Resolution, LLC*, 716 F.3d 764 (3d Cir. 2013). And as for whether they were required to follow the Third Circuit's decision in *Harper*, Appellees insist that decision is limited to cases in federal court on diversity jurisdiction. Finally, Appellees argue that System One waived its right to assert that the Court should compel arbitration under the Pennsylvania Uniform Arbitration Act (PUAA).

Appellees' arguments are without merit. The Court should exercise jurisdiction over this appeal of the District Court's order, which effectively denied System One's motion to compel arbitration, or alternatively consider it as a petition for writ of mandamus. It should further reverse the District Court's decision compelling discovery and remand with instructions to grant System One's motion to compel arbitration—either (a) under the PUAA (thereby avoiding the transportation worker issue altogether); or (b) because Appellees' own testimony already conclusively established that they are not transportation workers under the FAA.

## II.    ARGUMENT

### A.    The Court Has Jurisdiction Over System One's Appeal From the District Court's Discovery Order or in the Alternative, May Grant Review of the Appeal as a Petition for Writ of Mandamus.

#### 1.    The Court's Discovery Order Was a Denial of System One's Motion and Appropriate for Appeal.

Appellees argue that this Court lacks jurisdiction over the instant appeal because the District Court did not "actually deny" System One's motion to compel arbitration. (Doc. No. 25 at pp. 15-16). However, in ordering the parties to engage in discovery on the issue of the FAA § 1 exemption, the District Court refused to grant System One's motion to compel arbitration, and instead ordered the parties to engage in discovery—*i.e.*, litigation—making the order appealable under 9 U.S.C. § 16(a)(1). [JA003-005 (Dkt. 17)]. There are no "magic words" that must be included in a district court's order refusing to grant a motion to compel arbitration before the movant is entitled to take an appeal. Any order that effectively denies the movant's ability to proceed in the parties' chosen arbitral forum is appealable under § 16(a)(1).

In all material respects, this case is aligned with many others before it, cited in System One's principal brief, where the Court exercised jurisdiction over orders refusing to grant a motion to compel arbitration and allowing discovery to go forward. *See, e.g., Corpman v. Prudential-Bache Sec., Inc.*, 907 F.2d 29, 30 (3d Cir. 1990) (per curiam) (court had jurisdiction over appeal from order vacating stay and

reinstating case on its calendar because it was in essence an order refusing to stay an action under FAA § 3); *Am. Neighborhood Mortgage Acceptance Co. v. CrossCountry Mortgage, Inc.*, No. 20-3324, 2021 WL 4705231, at *2 (3d Cir. 2021) (exercising jurisdiction over dismissal order that in effect declined to compel arbitration); *Roman v. Prince Telecom LLC*, Nos. 22-1348 and 22-1349, 2023 WL 3194464, at *2 n.5 (3d Cir. 2023) (exercising jurisdiction over appeal from order denying motion to compel arbitration without prejudice and requiring discovery regarding arbitrability that saved for later an ultimate ruling). This includes *Harper v. Amazon.com Inc.*, where this Court exercised jurisdiction over the appeal of an order denying a motion to compel arbitration without prejudice and directing the parties to engage in discovery on the limited issue of whether the plaintiff belongs to a class of transportation workers within § 1 of the FAA. No. 3:19-cv-21735-FLW-DEA, at Dkt. 25 (D.N.J. July 28, 2020), *vacated and remanded*, 12 F.4th 287 (3d Cir. 2021).

The ***only*** difference between System One's appeal (of an order refusing to grant a motion to compel arbitration and instead ordering the parties to engage in discovery) and other appeals over which this Court has exercised jurisdiction in the past (in cases where the district court denied the motion to compel arbitration without prejudice to reconsidering the motion after discovery) is that here, the District Court did not use the word "denied" in its order. [JA003-005 (Dkt. 17)]. However, as the

4

Eighth Circuit recognized in *Madol v. Dan Nelson Automotive Group*, this is a distinction without a difference. 372 F.3d 997, 999-1000 (8th Cir. 2004) (holding the district court erred in "setting aside the magistrate judge's order so that it could receive further evidence because the applicable legal principles required that the dispute be submitted to arbitration forthwith").

Appellees' argument that the Court lacks jurisdiction because the District Court indicated it would decide System One's motion to compel arbitration after discovery and further briefing (Doc. No. 25 at 17) elevates form over substance. It is the practical effect of the order that matters, not the inclusion of any particular words. An order refusing to grant a motion to compel arbitration and directing the parties to engage in court-supervised discovery is no different in effect than an order denying a motion to compel arbitration without prejudice to reconsidering the motion following court-supervised discovery. *See, e.g.*, *Koveleskie v. SBC Capital Markets, Inc.*, 167 F.3d 361, 363 (7th Cir. 1999) (court has jurisdiction over FAA appeal of district court order stating that discovery was needed "before a decision can be reached on the arbitration issue").

For the Court to refuse to exercise jurisdiction over an appeal from the District Court's order in this case—where the only difference between it and orders in those prior cases in which the Court properly exercised its jurisdiction is the existence of

the word "deny"—would be to create an improper avenue for district courts to evade appellate review of orders that are otherwise appealable under the FAA.

## 2.    The Court Has Pendent Jurisdiction Over the State Law Issues.

Appellees' insinuation that the Court cannot exercise jurisdiction over the District Court's effective denial of System One's motion to compel arbitration under Pennsylvania state law is also misplaced. (Doc. No. 25 at 16). This argument is contrary to the well-established rule, recognized by this Court, that it may exercise pendent jurisdiction over "issues that are not independently appealable but that are intertwined with issues over which the appellate court properly and independently exercises its jurisdiction." *Palcko v. Airborne Express, Inc.*, 372 F.3d 588, 591-92 (3d Cir. 2004) (quoting *E.I. DuPont de Nemours and Co. v. Rhone Poulenc Fiber and Resin Intermediates, S.A.S.*, 269 F.3d 187, 202-03 (3d Cir. 2001)). The Court appropriately exercised pendant jurisdiction in *Palcko* when it was presented with a question of whether a district court properly denied a motion to compel arbitration under the FAA (in the face of a § 1 argument) and state law. *Id.* at 595 (opining that the "state law arbitration issue is so closely intertwined with the FAA claim that our taking of pendent appellate jurisdiction over the former is necessary to ensure meaningful review of the District Court's order in its entirety").

Consistent with the Court's jurisdictional holding in *Palcko*, the Court may exercise pendent jurisdiction over the inextricably intertwined state law issues in this

case. *Palko*, 372 F.3d at 595. The Court here is asked to answer whether the District Court erred in ordering discovery on the FAA § 1 exemption without first considering whether System One's motion to compel arbitration could be alternatively enforced under the PUAA. (Doc. No. 18 at 10). In *Harper*, this Court directed that when, in response to a motion to compel arbitration, the non-moving party asserts that the FAA's § 1 exemption applies, such discovery must be deferred until after the Court considers whether the arbitration agreement could be enforced under state law. *Harper*, 12 F.4th at 293-94, 296 (citing *Guidotti*, 716 F.3d at 771). If there were ever any question as to whether the state law issue of arbitrability was inextricably intertwined with the FAA § 1 issue, *Harper* has resolved that question with a resounding "yes."

Appellees insinuate that because the parties in *Harper* were in federal court based on diversity jurisdiction, *Harper* is different than this case. (Doc. No. 25 at 13). However, the question of whether the parties were sitting in diversity or original jurisdiction in the district court below has no bearing on whether the state law issue is inextricably intertwined with the FAA issue. Appellees also cite to *Hamrick v. Partsfleet, LLC*, 1 F.4th 1337, 1353 (11th Cir. 2021), where the Eleventh Circuit declined to exercise jurisdiction over an order denying arbitration under the FAA and state law. As observed by the court in *Hamrick*, however, the Eleventh Circuit

applies a different, narrower test to determine whether claims are "inextricably intertwined," so the court's holding in that case is not instructive. *Id.* at 1353.

For the above reasons and the reasons explained in System One's principal brief, the Court should exercise its proper jurisdiction over the instant appeal.

### 3.     The Court May Review System One's Appeal as a Petition for Writ of Mandamus.

Appellees argue that System One's failure to first seek certification of the issues in this case for interlocutory appeal pursuant to 28 U.S.C. § 1292 bars the Court's treatment of this appeal as a petition for writ of mandamus. (Doc. No. 25 at 18-19). This argument is flawed because Section 16(a) of the FAA provided System One with a direct avenue to appeal the District Court's order, without needing to resort to § 1292.

Moreover, Appellees' argument would mean that pursuing a § 1292 appeal would become an absolute prerequisite to seeking mandamus relief. The Third Circuit has expressly rejected the notion that a party must have sought and been denied certification of an interlocutory appeal in order to obtain mandamus relief. *See Alexander v. Primerica Holdings, Inc.*, 10 F.3d 155, 163 (3d Cir. 1993). As explained by the Court in *In re School Asbestos Litigation*:

> Where interlocutory appeal seems a practical but untried avenue, we will ordinarily deny a petition for mandamus. We decline, however, to dismiss any of the petitions in this case out of hand for failure to address the availability of interlocutory appeal.

977 F.2d 764, 744 (3d Cir. 1992) (citations omitted). For example, "[w]here it is plain that any attempt to obtain [interlocutory] certification … would have been futile," a party's decision not to seek interlocutory certification does not operate as a bar on mandamus relief. *In re Chimenti*, 79 F.3d 534, 538-39 (6th Cir. 1996); *see also In re Briscoe*, 448 F.3d 201, 212 n.7 (3d Cir. 2006) (petitioner's choice not to seek interlocutory certification prior to petitioning for mandamus relief did not bar petition for writ of mandamus, observing that it seemed "sufficiently clear that the District Court would have refused to certify an interlocutory appeal or enter a Rule 54(b) order, thus leaving such review an impractical avenue for petitioners to pursue").

In *In re Chimenti,* the Sixth Circuit granted mandamus relief despite the petitioner's decision not to first seek interlocutory certification, where the district court had already denied the petitioner's motion for reconsideration of its decision to deny the petitioner's motion. 79 F.3d at 538-40. The court explained that mandamus relief was appropriate because the district court below had already denied its motion and its motion for reconsideration, meaning any attempt to obtain certification of an interlocutory appeal from that district court would have been futile. *Id.*; *see also In re Briscoe*, 448 F.3d at 212 n.7 (citing *In re Chimenti* with authority); *Suarez-Valdez v. Shearson Lehman/American Express, Inc.*, 858 F.2d 648, 649 (11th Cir. 1988) ("We need not decide whether we can entertain this appeal

under 28 U.S.C. § 1291… as we may treat this appeal as a petition for writ of mandamus.").

Similarly, in this case, System One sought, and was denied, its motion for reconsideration of the District Court's order effectively denying its motion to compel arbitration. [JA006-010, JA095-097]. Like in *In re Chimenti*, any attempt by System One to obtain interlocutory certification would have been futile. 79 F.3d at 538-40. Accordingly, this Court is not barred from considering the instant appeal as a petition for writ of mandamus. *Id.*; *In re Briscoe*, 448 F.3d at 212 n.7. Should the Court find it lacks jurisdiction, it may (and should) do so here.

### B.    The District Court Erred in Refusing to Grant System One's Motion to Compel Arbitration and Directing the Parties to Conduct Discovery on the Question of Whether Appellees Are Subject to the Transportation Worker Exemption of the FAA.

As System One argued in its principal brief, the District Court erred in refusing to grant System One's motion to compel arbitration and instead ordering the parties to engage in discovery on the issue of whether Appellees are transportation workers and therefore exempt from arbitration under the FAA. [JA003-JA010 (Dkts. 31, 39)]. Appellees fail to refute System One's arguments in their briefing.

### 1. The District Court Erred in Refusing to Hold that Appellees Are Not "Transportation Workers" Under § 1 of the FAA.

Notably absent from Appellees' brief is a discussion of how System One is incorrect in its argument that the District Court erred in refusing to hold that the § 1 exemption does not apply to Appellees as pipeline inspectors as a matter of law given the facts in Appellees' declarations. Instead of addressing this central issue, Appellees unnecessarily conflate it by arguing that a summary judgment standard applies to System One's motion to compel arbitration pursuant to *Guidotti* because Appellees "responded to System One's motion to compel arbitration with additional facts to place the arbitration agreement in issue." (Doc. No. 25 at 19-21). Appellees' reliance on *Guidotti* is misplaced. True, in *Guidotti*, this Court observed:

> [W]hen it is apparent, based on the face of a complaint, and documents relief upon in the complaint, that certain of a party's claims are subject to an enforceable arbitration clause, a motion to compel arbitration should be considered under Rule 12(b)(6) without discovery's delay… But if the complaint and its supporting documents are unclear regarding the agreement to arbitrate, or if the plaintiff has responded to a motion to compel arbitration with additional facts sufficient to place the agreement to arbitrate in issue, then 'the parties should be entitled to discovery on the question of arbitrability before a court entertains further briefing on the question.

716 F.3d at 776. But none of the facts on which Appellees rely in were "sufficient to place the agreement to arbitrate in issue" in order to require the discovery contemplated by *Guidotti*. By their own admission, Appellees were pipeline inspectors that "worked directly on pipelines ensuring pipelines transporting oil and

gas operate safely and efficiently." (Doc. No. 25 at 22 (citing JA018-021, JA089-090 JA091-092; Dkts. 24-3, 24-4, 24-6, 24-7, 24-8, and 24-9)). Both in front of the District Court and here, Appellees have failed to address or explain how, with these admissions, they could qualify for the § 1 exemption. *See Singh II*, 67 F.4th at 560 (stating engagement with interstate commerce must be central to the work of the workers in question). The reality is that under any rendition of these facts, whether supported by evidence in discovery or not, Appellees cannot establish they belong to a class of workers engaged in the transportation of goods or people via the channels of foreign or interstate commerce, as required to qualify for the FAA § 1 exemption. (Doc No. 18 at 26-27 (citing *Whitman v. DCP Mainstream, LLC*, No. 22-CV-106-JFH-CDL, 2022 WL 1836733, at *3 (N.D. Okla. June 3, 2022); *Whitaker v. Enbridge (U.S.) Inc.*, --- F. Supp. 3d ---, Civ. A. No. H-22-2354, 2022 WL 174058533, at *3 (S.D. Tex. Dec. 2, 2022); *Sain v. TransCanada USA Servs., Inc.*, Civ. A. No. H-22-2921, 2023 WL 417476, at *3 (S.D. Tex. Jan. 25, 2023) (all rejecting the argument that oil and gas pipeline inspectors are transportation workers subject to the § 1 exemption in response to motions to compel arbitration)). The District Court erred in holding that discovery was needed when Appellees' own declarations established that they were not entitled to the exemption.

2.    **The District Court Erred in Refusing to Consider Whether the Parties' Arbitration Agreement Was Enforceable Under State Law Prior to Ordering Discovery on the Transportation Worker Exemption.**

Despite Appellees' acknowledgement that "*Harper* … said courts must determine if state law grounds exist that would enforce arbitration even if the FAA does not apply before ordering discovery under *Guidotti*," Appellees insist that this Court should depart from *Harper* in this case. (Doc. No. 18 at 23 (cleaned up)). Appellees' arguments for adopting a different rule in this case are not availing.

First, the fact that the District Court had federal question jurisdiction in this case did not prohibit it from granting System One's motion to compel arbitration on state law grounds, as Appellees contend. (*See* Doc. No. 25 at 26-27). This Court was clear in *Harper*: "no binding precedent requires district courts to ignore arbitrability under state law when the applicability of § 1 is uncertain." 12 F.4th at 295 (further observing that there is no language in the FAA that "explicitly preempts the enforcement of state arbitration statutes"). Compelling arbitration under state law, including in cases in federal court based on federal question jurisdiction, is not a novel concept, as exemplified by the numerous cases cited by System One (and not disputed by Appellees) in the principal briefing before this Court. (Doc. No. 18 at 34-35 (citing *Adams v. Parts Distribution Xpress, Inc.*, Civ. No. 2:20-cv-00697-JMG, 2021 WL 1088231, at *5 (E.D. Pa. Mar. 22, 2021); *Smith v. Khosrowshahi*, Civ. No. 19-4242, 2020 WL 12811380, at *1-2 (E.D. Pa. Dec. 8, 2020); *Reese v.*

13

*Uber Techs.*, No. 2:18-cv-03300-NIQA (E.D. Pa. Mar. 4, 2020)).[1] Notably, Appellees fail to address these directly analogous cases in their brief.

Appellees further contend that System One waived any argument that state law mandates arbitration because System One "never articulated or argued anywhere in [its brief in support of motion to compel arbitration] the necessary contention that the district court should compel arbitration under state law. (Doc. No. 25 at 24 (citing *Kost v. Kozakiewicz*, 1 F.3d 176, 182 (3d Cir. 1993), *Simmons v. City of Phila.*, 947 F.2d 1042, 1065 (3d Cir. 1991))). This contention is demonstrably false. System One not only argued in its opening brief that the District Court should compel arbitration under the PUAA, but it also continuously cited to Pennsylvania law in its opening and subsequent briefs, to further the argument as to the application of the PUAA as an alternative ground for the relief it requested. [JA039-040, JA042 (Dkt. 18 at p. 5 & n.3, p. 6 & n.4, p. 8 & n.5); *see also* Dkt. 25 at 4, Dkt. 33 at 5].

A recent decision from in the Northern District of Illinois demonstrates the ineffectiveness of Appellees' argument. Following remand from the Supreme Court's decision on the FAA's § 1 exemption in *Southwest Airlines Co. v. Saxon*, 142 S. Ct. 1783 (2022), Southwest renewed its motion to compel arbitration under

---

[1] Appellees devote many pages of their brief to an analysis of cases which they argue require otherwise. System One already addressed each of these cases in its principal brief, and it will not repeat its arguments here. It suffices to say that *none* of those cases addressed the issue of whether a district court can compel arbitration under state law in a case in federal court on federal question jurisdiction.

the Illinois Uniform Arbitration Act (IUAA). The plaintiff argued that Southwest waived its right to compel arbitration under the IUAA by failing to raise the IUAA issue in its initial motion to compel (focusing instead on the FAA). *See Saxon v. Southwest Airlines Co.*, No. 19-cv-00403, 2023 WL 2456382, at *1, *3 (N.D. Ill. Mar. 10, 2023). Despite the fact that Southwest had only referenced the IUAA for the first time in its renewed motion (four years into the litigation), the court declined to find a waiver, explaining as follows:

> Over the course of the past four years, the focus of the dispute has been on the right to arbitrate. Indeed, Southwest has "mentioned its desire to arbitrate at every turn." *Kawasaki [Heavy Industries, Ltd. v. Bombardier Recreational Prods., Inc.*, 660 F.3d 988,] 996 [(7th Cir. 2011)]. Although there is a case to be made, as Saxon has thoughtfully done, that this state law argument *could* have been brought at the beginning of this case (perhaps preventing the need for years of costly appeals), the Court does not find that this bars Southwest from moving to compel arbitration under the IUAA now. Even though it has taken years, Southwest has been diligently pursuing its right to arbitrate, all the way to the Supreme Court. Southwest focused upon the FAA issue both because the Court ordered limited briefing and because Southwest had proceeded on the reasonable assumption, based on past precedent, that the FAA applied. Therefore, the Court finds that Southwest's delay in raising this argument was reasonable.

*Id.* at *3. Similar to Southwest, System One has made clear its desire to arbitrate, and has diligently pursued its right to arbitrate, since the inception of this case. [JA031-071, JA095-097]. System One did not raise its desire to arbitrate in passing; rather, like Southwest, it has made its desire to arbitrate the central (and only) subject of this litigation so far. Moreover, System One raised the possibility of enforcement

under state law much earlier than Southwest, as it made clear in its opening brief in support of its motion to compel arbitration that if the District Court opted not to grant its motion under the FAA, *its motion to compel should still be granted under the PUAA*. [JA039-040, JA042 (Dkt. 18 at p. 5 & n.3, p. 6 & n.4, p. 8 & n.5)].

System One further advanced its argument in its reply brief in support of its motion to compel arbitration (Dkt. 25 at 4), its brief in support of its motion for reconsideration of the District Court's order effective denying that motion (Dkt. 33 at 5), and its reply brief in support of its motion for reconsideration (Dkt. 38 at 5).[2] Unlike any of the cases cited by Appellees, here the District Court had a meaningful opportunity to consider whether the Arbitration Agreements were enforceable under state law, and it unequivocally erred in failing to do so. *Compare Garza v. Citigroup Inc.*, 881 F.3d 277, 284 (3d Cir. 2018) (finding waiver of request for attorneys' fees where only issue before district court was whether defendant was entitled to costs).

The District Court was bound to follow *Harper*, 12 F.4th at 296. It should have evaluated (and granted) System One's motion to compel arbitration under the PUAA before ordering discovery on the issue of the FAA's transportation worker

---

[2] System One developed its PUAA argument in more detail after its opening brief because it had no reason to believe that Appellees would assert the transportation worker exemption until they filed their opposition to System One's motion to compel (since, as noted elsewhere, Appellees are manifestly *not* transportation workers). It was not until Appellees filed their brief in opposition to System One's motion that System One needed to more directly address the possibility of enforcing its arbitration agreements under the PUAA.

exemption. Indeed, the arbitration agreements at issue here contained a Pennsylvania choice of law clause, so they plainly "contemplate[d] enforcement under [Pennsylvania] statutory or common law." *Ario v. Underwriting Members of Syndicate 53 at Lloyds*, 618 F.3d 277, 292 (3d Cir. 2010); [JA061, JA070 (Dkt. 18-1 at Ex. A, B, § 5.9)].

## III.    CONCLUSION

For the reasons explained above and in System One's principal brief, the District Court's order contravenes well-standing precedent on the applicability of the FAA's § 1 transportation worker exemption, as well as this Court's decision in *Harper*. System One requests that the Court reverse the District Court's order and remand with instructions for the District Court to grant System One's motion to compel arbitration.

Dated:      September 1, 2023          Respectfully submitted,

*/s/ Robert W. Pritchard*

Robert W. Pritchard, Bar No. 76979
rpritchard@littler.com
Sarah J. Miley, Bar No. 314830
smiley@littler.com
Taylor N. Brailey, Bar No. 324308
tbrailey@littler.com

LITTLER MENDELSON, P.C.
625 Liberty Avenue, 26th Floor
Pittsburgh, PA  15222
Telephone:      412.201.7628/7669/7657
Facsimile:      412.774.1957

*Attorneys for Appellant*
*System One Holdings, LLC*

18

## CERTIFICATE OF BAR MEMBERSHIP, COMPLIANCE WITH TYPE-VOLUME LIMITATION AND TYPEFACE REQUIREMENTS, AND VIRUS CHECK

I, Robert W. Pritchard, counsel for Appellant System One Holdings, LLC, certify, pursuant to Local Appellate Rule 28.3(d) that I am a member in good standing of the Bar of the Court of Appeals for the Third Circuit. I further certify, pursuant to Federal Rules of Appellate Procedure 32(a)(5)-(7), and Local Appellate Rules 31.1(c) and 32.1(c), that the foregoing Reply Brief of Appellant is proportionately spaced and has a typeface of 14-point Times New Roman, contains 4,284 words (not counting those portions excluded from the word count by Rule 32(f)), and that the text of the electronic brief is identical to the text of the paper copies. I further certify, pursuant to Local Appellate Rule 31.1(c), that Windows Defender has been run on this Brief before filing and that no virus was detected.

Dated:  September 1, 2023

*/s/ Robert W. Pritchard*
Robert W. Pritchard (PA No. 76979)
Sarah J. Miley (PA No. 314830)
Taylor N. Brailey (PA No. 324308)

*Attorneys for Appellant,*
*System One Holdings, LLC*

## CERTIFICATE OF SERVICE

I, Robert W. Pritchard, counsel for Appellant System One Holdings, LLC, certify that on September 1, 2023, I filed the foregoing Reply Brief of Appellant via the Court's CM/ECF system, causing a Notice of Docket Activity to be served upon the following counsel of record who is a registered CM/ECF Filing User, along with a paper copy via Federal Express:

Lindsay R. Itkin, Esq.
JOSEPHSON DUNLAP, LLP
11 Greenway Plaza
Houston, TX 77046

Pursuant to Local Appellate Rule 31.1(a), seven identical copies of this Reply Brief are being sent to the Clerk of the Court via Federal Express:

Patricia S. Dodszuweit, Clerk
Office of the Clerk
United States Court of Appeals for the Third Circuit
21400 United States Courthouse
601 Market Street
Philadelphia, PA 19106-1970

Dated: September 1, 2023

*/s/ Robert W. Pritchard*
Robert W. Pritchard (PA No. 76979)
Sarah J. Miley (PA No. 314830)
Taylor Brailey (PA No. 324308)

*Attorneys for Appellant*
*System One Holdings, LLC*